## Williams v. Owensboro Savings Bank & Trust Company's Receiver, et al.

### (Decided May 20, 1913.)

### Appeal from Daviess Circuit Court.

1. Receivers—Powers of—Subject to Control of Court.—Receivers appointed by the court are at all times subject to the control and direction of the court in the performance of their official duties and should not take any important step in the management or disposition of the estate committed to their care without first submitting the matter to the court and obtaining its judgment. But there are many things that a receiver may do without first asking the advice and consent of the court.

2. Receivers—Power of Court to Approve or Disapprove Acts of Receiver.—The court has the right and authority for sufficient reasons to withhold its approval of what its Receiver has done, but this power should not be exercised in an arbitrary or unreasonable manner or without grounds on which it may be sustained.

3. Receivers—Right to Purchase Property as Receiver at Sale Made by Him.—A Receiver, when he considers it for the best interests of the estate, may, without first obtaining the consent of the court, purchase property as Receiver at a sale made by him when the purchase price does not exceed the amount of the indebtedness against the property that is sold.

4.  Receivers—Exceptions Filed by Receiver to Report of Sale of Property to Him—Duty of Court in Respect to.—When a Receiver, without first obtaining the advice of the court, purchases property at a sale made by him, the court should not set the sale aside when it appears that the interests of the estate were not prejudiced by what the Receiver did.

5.  Receivers—Exceptions Filed by to Sale of Property to Him.— Where it is shown that the property purchased by the Receiver was worth more than he bid for it, and there is no showing that his purchase is not beneficial to the estate, the court should not set aside the sale, although the Receiver purchased the property without first obtaining the consent of the court.

6.  Judicial Sales—Exceptions by Purchaser—Sufficiency of.—The fact that the sale was not advertised as required by law, is not available to the purchaser as a ground for setting aside the sale, nor is the fact that there is an error in the amount of the bond or a tax lien on the property nor the fact that the purchaser was induced to buy the property because he believed it would be knocked off to an insolvent person who could not execute bond.

W. FOSTER HAYES for appellant.

R. A. MILLER, R. S. TODD for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Under a judgment of the Daviess Circuit Court in favor of the receiver of the Owensboro Savings Bank & Trust Company there was ordered to be sold certain real estate of the appellant Williams to satisfy lien debts amounting to some nine thousand dollars. The Commissioner of the Court offered this real estate for sale in January, 1912, when the receiver became the purchaser at the price of $6,625, the property purchased by the receiver having been appraised at $6,500. The receiver failed to execute bonds for the purchase money and filed exceptions to the report of sale, which were sustained by the court and the sale set aside. Thereafter, in July, 1912, a second sale of the property was made by the Commissioner, and it was again purchased by the receiver at the price of five thousand dollars. To the report of this sale Williams filed exceptions, which were overruled by the court, and this appeal is prosecuted by Williams from the orders of the court sustaining the exceptions to the first sale and overruling the exceptions to the second sale.

As we have reached the conclusion that the court erred in sustaining the exceptions to the first sale, it is not necessary to further notice the exceptions to the sec-

ond sale or the arguments of counsel in reference to the ruling of the court in sustaining this sale.

Four exceptions were filed by the receiver to the first sale. The first exception was because the sale was not advertised as required by law. The second exception was because the Commissioner demanded that the receiver as purchaser execute sale bonds for erroneous amounts. The third exception was because there were liens for taxes on the property of which the purchaser had no notice at the time of the sale. The fourth exception is the one chiefly relied on by counsel for the receiver and it is in these words:

"After the bidding on said property at said sale reached fifty-five hundred dollars ($5,500) the only other bids made thereon thereafter besides those made by the undersigned were made by the defendant, H. A. Williams, and his bids were the only competitive bids with those of the undersigned after the sum of fifty-five hundred dollars ($5,500) had been bid for said property. The said Williams was at the time of said sale and is now insolvent, which was known to the undersigned and he did not believe that the bids of said Williams were made in good faith or that he would or could execute bonds for the purchase price should he become the successful bidder for said property, and believed that the said Williams' bids were made for the purpose of delay and to prevent a sale of the property. With this view of the subject and so believing, he bid on the said property in competition with the said Williams and it was finally knocked off to him by the Commissioner at the sum of sixty-six hundred and twenty-five dollars ($6,625). The undersigned had not been authorized by any order of this court to bid on said property and he did not know and does not now know whether he had power or authority to bid thereon as receiver as he did do, and he submits to the court as to whether he had such power, or authority and whether as receiver aforesaid, he could become the purchaser of said property and bind the trust estate in his hands for the payment of the amount which had been adjudged in favor of the said Citizens Life Insurance Company as a prior lien thereon and as to whether under the circumstances said sale should be confirmed. The said property was appraised for said sale as shown by the report of the commissioner at the sum of $6,500, and the undersigned believes that it is reasonably worth seven thousand dollars ($7,000)."

The receiver was appointed under section 616 of the Kentucky Statutes, providing that when the Secretary of State becomes satisfied that a bank has become insolvent, he may apply to the circuit court for the appointment of a receiver ''who, under the direction of the court or judge, shall take possession of books, papers, and assets of every description, and all business of the bank or corporation, and collect all collectible debts and demands, and sell or compound, under the order of the court, all bad debts, and sell all the real and personal property of the bank or corporation, on such terms as the court may direct.''

The powers of a receiver appointed under this section are not different from the powers of receivers generally, and so no special reference to this section is necessary in defining the powers of the receiver in this case. Receivers appointed by the court are at all times subject to the control and direction of the court in the performance of their official duties, and it is generally agreed that a receiver should not take any important step in the management or disposition of the estate committed to his care without having first submitted the matter to the court and obtained its judgment. But in the administration of the affairs of an estate many things may come up requiring action without delay on the part of the receiver and where it would not be practicable to first obtain the advice of the court; and so in cases of emergency or in cases when the interest of the estate seems to require it, and it is not practicable to consult the court, a receiver may do what he thinks best without first getting the consent of the court, although the court has the right and authority in every instance, when sufficient reasons present themselves to justify the action, to withhold its approval of what its receiver has done and in this manner nullify his acts taken without its direction.

This power of the court, however, is not to be exercised in an arbitrary or unreasonable manner. In other words, if a receiver, without the consent or direction of the court, should, in the management of the affairs of the estate, take some action or do some thing that a prudent business man under the circumstances would have done, the court should not arbitrarily refuse to approve the action of the receiver. Of course the court is the final judge of the propriety and wisdom of the receiver's action when he is acting without first having obtained its consent, but this does not invest the court with authority to prejudice the rights of other parties by refusing,

without sufficient cause, to give its approval to what the receiver has done.

In the light of these general principles we think a receiver may, without first obtaining the consent of the court, and when he considers it to the best interest of the estate, bid on and purchase as receiver property offered for sale by him or property that is under his control, when his bid does not exceed the amount of the indebtedness against the property that is sold. And when a receiver under circumstances like these purchases property, the court should not, on exceptions filed by him, or on its own motion, set aside the sale, unless it appears that the interests of the estate were prejudiced by what the receiver did.

In the case we have before us, the exceptions filed by the receiver show that the property purchased by him was worth more than he bid for it, and as there is no claim in the exceptions filed by him, or otherwise appearing in the record, that the purchase of the property was not beneficial to the best interests of the estate, we think looking as we must do, to the exceptions alone, the court was not warranted in setting aside the first sale.

The exceptions that the sale was not advertised as required by law, is not available to the purchaser as a ground for setting aside the sale, although it might furnish good grounds why a sale should be set aside on the motion of the debtor or some interested party. It might also be a ground for exception when made by a receiver if it appeared that the failure to advertise as required by law resulted in the property being sold at a sacrifice or at less than it would have brought if legally advertised. But the receiver in this case simply makes the exception that the sale was not advertised as required by law without showing that the failure to advertise prejudiced in any manner the interests of the estate.

In regard to the second exception relating to error in the amount of the sale bonds, the record shows that the sale bonds as prepared by the Commissioner for the signature of the receiver were a few dollars more than they should have been, but an error of this character furnishes no reason why a purchaser should not comply with the sale and execute bonds for the amount of his bid. If a purchaser should for any reason execute bonds for more than his bid, the error can be easily corrected by the court when the sale is reported, if the Commissioner should fail upon request to correct it at the time or after the bonds are executed.

The third exception is equally lacking in merit. If there are liens for taxes on the property of which the purchaser has no notice at the time of the sale, he can, upon motion made when the sale is reported, have credit on his sale bonds by the amount of tax that he must pay.

Nor is the fourth exception, and the one chiefly relied on by counsel for the receiver, well founded. If, as recited in the exceptions, Williams was insolvent and could not execute bonds for the purchase price, the Commissioner, upon his failure to execute the bonds, could and should have re-offered the property for sale, and the estate would not have been prejudiced by the failure of Williams to execute bonds. But aside from this, an accepted purchaser at a judicial sale should not be allowed to avoid the sale upon the ground that, in his opinion, a contending bidder was not acting in good faith or was insolvent and so could not comply with the terms of the sale. The adoption of a rule like this would enable an accepted bidder to escape liability for his purchase in almost every instance in which he became dissatisfied with it and place it in the power of bidders to seriously obstruct the course of judicial sales.

To sum up the result of our views, we do not think any of the exceptions furnished a sufficient reason why the court should have set aside this sale. Clearly the exceptions filed would not have furnished any cause for setting aside the sale if the purchaser had been a person other than the receiver, and while we do not mean to say that the court in disposing of exceptions is not invested with a larger discretion when dealing with exceptions filed by its receiver than it would be when dealing with exceptions filed by other persons, we are yet of the opinion that when a receiver purchases property at his sale, the court should not refuse to confirm the report of sale, unless, in the exercise of a sound discretion, he believes the purchase was detrimental to the interests of the estate and that in making it the receiver exceeded his discretion.

As stated, there is nothing in the record except the exceptions filed by the receiver to show why the court refused to confirm the sale, and these exceptions do not show that the purchase by the receiver was hurtful to the estate. On the other hand, the record does show that the failure to confirm the sale was prejudicial to the rights of Williams, and the unsupported presumption that the court exercised a sound discretion in setting aside the

sale is not sufficient to overcome the facts shown by the record that the sale should have been confirmed.

Wherefore, the judgment is reversed, with directions to confirm the first sale and set aside all orders made with reference to the second sale.