E. A. RINEHART, *Receiver, etc. v.* P. M. IRELAND

(No. 8797)

Submitted October 19, 1938. Decided November 10, 1938.

*P. M. Ireland,* for plaintiff in error.

*Robinson & Stump* and *J. M. Holt,* for defendant in error.

RILEY, JUDGE:

In this unlawful detainer proceeding, error is assigned to the judgment of the Circuit Court of Doddridge County awarding to E. A. Rinehart, Receiver of the Doddridge County Bank, the possession of certain property and damages for its retention.

The sole issue on this writ of error involves the right of a receiver of a closed bank to purchase at public sale property securing, under a deed of trust, an indebtedness owed by plaintiff in error at the time of the bank's closing.

The question is novel in this state. It, however, finds its solution in Code, 31-8-32, which delegates powers to the receiver of a closed bank appointed by the State

Banking Commissioner, and in the general law governing the powers of special receivers.

The receiver, E. A. Rinehart, instructed the trustee under a deed of trust executed by plaintiff in error and wife to secure a principal indebtedness of $4,000.00, held by the bank at the time of its closing, to sell at public sale under the terms of the deed of trust the real estate embraced therein. Plaintiff in error was a bidder at the sale, but the receiver being the highest bidder purchased the property for $1,500.00. Pursuant to the sale, by deed dated September 21, 1937, the trustee conveyed the title to the property to the receiver in his official capacity.

Plaintiff in error says that because Code, 31-8-32, which defines the powers of a receiver appointed by the State Banking Commissioner does not specifically delegate to such receiver the power to purchase receivership property, the power is withheld from him. Such receiver is nothing more nor less than a creature of the statute, and being an executive officer his powers are circumscribed by the statute itself. *Alleman* v. *Sayre*, 79 W. Va. 763, 766, 91 S. E. 805, L. R. A. 1917D, 1002. Equally is it true the statute does not expressly delegate to the receiver of a closed bank the power to purchase at a sale made either by himself as receiver or through a trustee under his direction. It provides, however, that "Such receiver shall have all the powers vested in special receivers by general law." It therefore is necessary for us to appraise the powers of a special receiver under the general law.

Generally, a receiver is prohibited from dealing with receivership property or funds to his own benefit. This rule is based upon a sound public policy, and subject to little, if any, exception. Thus there is substantial authority to the effect that a receiver may not, in his individual capacity, purchase at a receivership sale. 1 Clark on Receivers, section 498; 2 Tardy's Smith on Receivers (2d Ed.), section 650; Alderson on Receivers, section 238;

High on Receivers (4th Ed.), section 193; *Randolph* v. *Scranton, Montrose & Binghampton R. Co.*, 4 Fed. Supp. 861; *Miners' Bank of Wilkes-Barre* v. *Acker*, 66 Fed. (2d) 850. This latter rule does not, however, apply to a case in which the receiver, in the absence of fraud, and in order to protect the interests of the creditors and stockholders of his insolvent, purchases at public sale property, sold by the receiver, or by a trustee under a deed of trust securing a receivership claim, and takes title thereto in his official capacity. In either case, he may purchase the property at a bid higher than the other bids, but not in excess of the amount of the indebtedness. *State-Planters' Bank & Trust Co.* v. *First National Bank of Victoria* (4th Cir.), 76 Fed. (2d) 527, certiorari denied, 295 U. S. 764, 79 L. Ed. 1706, 55 Sup. Ct. 923; *Williams* v. *Owensboro Savings Bank & Trust Co.'s Receiver*, 153 Ky. 789, 156 S. W. 899; 9 C. J. S., subject Banks and Banking, section 516, note 37. In order to protect the interests of his insolvent, the receiver in the instant case purchased the property at a bid beyond that ventured by plaintiff in error, the only other bidder, which bid did not exceed the amount of the indebtedness. He therefore has, as against the plaintiff in error, the indefeasible right to the possession of the property, and is entitled to prevail.

As to the $60.00 item of damages found by the jury, its verdict is amply sustained. Uncontradicted testimony was introduced to the effect that $20.00 a month was a reasonable monthly rental for the property. Six months having elapsed from the date the receiver took the legal title to the property until the date of the verdict, the jury's finding was well within the limits prescribed by the evidence.

It follows that the circuit court did not err in directing the jury to find that the receiver had the right to the possession of the property and in submitting to it the question of damages based on its rental value. Therefore, the judgment on the verdict is affirmed.

*Affirmed.*