Orr, &c., v. Bracken County, &c.

CASE 95—MANDAMUS—FEBRUARY 9, 1884.

**Orr, &c., vs Bracken County, &c.**

| 81 | 593 |
|---|---|
| f133 | 833 |

APPEAL FROM BRACKEN CIRCUIT COURT.

1. Although the right to amend the charter of a private corporation may be expressly reserved, that right does not confer upon the General Assembly the power to take away from the corporators the control of the corporate property.

2. Nor to change the object of the charter by taking from those having the right to select their officers under the charter, and placing it in the hands of those whose stock, by reason of the increased power conferred by the amendment, are enabled to control the corporation.

3. The act of *May 3, 1880,* was not asked for by a majority of the stockholders, and it was not accepted by the board of directors. They refused to accept the amendment.

4. The chancellor has the power to require an election of directors upon the presentation of a proper case.

J. Q. WARD FOR APPELLANTS.

The skillful surgery which can separate "notice of application for such order," used in the last sentence of section 3 of act 7, 1876, from the words, "and of such election when ordered," so as to make one apply in one case and the other in all cases, would have separated the Siamese twins without causing death or pain.

The act of May 3, 1880, is unconstitutional.

It changes the number of directors from ten to six, and changes the voting power of the stock so that persons owning ten, thirty, sixty, or one hundred shares, would be entitled to one vote for each share of stock instead of six, eleven, sixteen, and twenty-one, as by the charter.

A. DUVALL FOR APPELLEES.

(Brief mislaid.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This proceeding is for a writ of mandamus to compel the officers of a turnpike company, leading from Augusta to Brookville, in Bracken county, to hold an election for officers of the corporation and to direct the manner in which the vote is to be taken, and also to prohibit those who are now claiming to be the officers of the road from controling it.

Under the original act of incorporation the company elected its president, treasurer, and ten directors, and in voting the stockholders were not entitled to a vote for each share of stock, but the vote so regulated as not to give the largest stockholder the right to elect. In May, 1880, the charter was amended, by which the number of directors was reduced to six and each stockholder allowed a vote for every share of stock. After this amendment the board of directors ordered an election to be held at the usual time, and appointed inspectors to conduct it. The poll was opened, but no vote taken, for the reason that some claimed the right to vote as provided by the amendment of May, 1880, and others that the vote should be taken as provided by the original charter, and with this difference of opinion the result was that no election of officers was had, and those in office continued to hold over.

We are not disposed to adjudge that the chancellor was without power to require an election upon the presentation of a proper case, regardless of the act of March 3, 1876. (Gen. Stats., p. 959.) In cases of public corporations mandamus will lie to compel election of officers, and it is said in Angell and Ames on Corporations, 10th edition, page 708: "We see no reason why the same remedy should not lie against a private corporation, aggregate, to enforce an obedience to the charter if they neglect or refuse to elect their proper officers." These three stockholders, or those claiming that the election should be held under and in accordance with the act of May, 1880, are properly in a court of equity.

The action was submitted by the plaintiffs (appellees) at the answering term, and on the condition that the statements of the answer were to be taken as true with reference

to the election, and under the practice all the statements affecting the question at issue are to be regarded as true where the defendant filing his answer at the proper time is objecting to the admission. It is alleged in the answer, and must be taken as true, that the act of May, 1880, was not procured by the board of directors nor by the stockholders of said company, or by a majority of them or either of them, and was never ratified by the company, but on the contrary, by a vote, the directors refused to accept the amendment and not more than one or two of the stockholders knew of the act until after the legislature adjourned. The amendment of 1880 reduces the number of directors from ten to six, and by giving to the stockholders a vote for each share of stock increases the power of the larger stockholders to such an extent as virtually disfranchises the small stockholders, and deprives them of the right to be heard as under the original grant.

From this amendment seems to have originated all the trouble, and with a road well managed, and paying dividends as but few turnpikes do in the State, the entire plan of organization is changed for the purpose of giving others control of the corporate property. It is not pretended that the legislative power, if it exists, was exercised for the public good; but, on the contrary, if the answer is true, and its statement must be so regarded on the hearing, neither the legislature nor the stockholders who were interested were consulted with reference to the public interests, and the only question presented here is whether one or two out of a number of stockholders will, without notice, be allowed to induce such legislation with reference to such a charter as will sacrifice both public and private interests. Regardless of the constitutional question involved, we have

no hesitation in determining that the officers of the corpor--
ation acted properly in refusing to receive the votes as per-
mitted by the amendment, and should have conducted the
election as they proposed to do under the provisions of the
original charter.

The acceptance of such an amendment by the corpora-
tion should not be dispensed with solely to gratify the de-
sire or advance the interests of those who obtained it
without the consent of the corporate body.

The right to amend the charter may be expressly re-
served, but that right does not confer the power of taking
from the corporators the control of the corporate property,
or to change the object of the charter by taking from those
having a right to select their officers under the charter,
that right, and placing it in the hands of those whose stock,
by reason of the increased power conferred by the amend-
ment, are enabled to control the corporation. The right
was not asked by the corporation, but granted by the legis-
lature at the instance of a few stockholders without the
consent or knowledge of the others. Conceding the right
of the legislature to make the amendment, the corporation
declined to accept it, and therefore the order entered below
requiring an election must be reversed and cause remanded,
with directions to set aside the order, and for further pro-
ceedings. The questions involved have been considered
upon the statements of the answer alone, and an acceptance
of the amendment may be shown, or that it was obtained
at the instance of the corporation.

Judgment reversed, and cause remanded for proceedings
consistent with this opinion.