On Motion to Dismiss Appeal.
MONROE, J.
Relators obtained judgment against defendants, as the officers and trustees of the Eastern Orthodox Church of Holy Trinity, making peremptory a writ of mandamus directing them to convene the members of the church for .the purpose of holding an election for trustees, and, defendants having appealed, relators now move to dismiss the appeal, alleging as follows, to wit:
“That respondents constitute the first board of trustees under the charter, and that their term of office expired on May 5, 1907; that they failed to hold an election as provided by the charter on the first Sunday in May, 1907, and continued, and will continue, in office unless the appeal taken by them is dismissed; * * * that relators * * * were compelled to apply to the court for writs of mandamus because of the refusal of the board of trustees to hold said election, and by way of return to the writ [respondents alleged] and the evidence shows that, after the writs were served on the board of trustees, an attempt was made to hold an election, but respondents failed to give timely notice to relators and other members. The day fixed for the election was not Sunday, as designated by the charter, and the day, time, and place were not fixed or selected by the board of trustees acting as such, but by the secretary and his attorney, and the day on which the election is said to have been held relators protested [against] and objected to the manner in which the election was being held, and were not allowed to vote or take any part whatever, and, from a judgment directing an election to be held in accordance with the charter and by-laws of the corporation, and, after due notice, the members of the board of trustees, whose term of office expired on May 5, 1907, prosecute this appeal.
“Now, your petitioners, appellees herein, aver that the appellants have no interest in prosecuting said appeal; that they have no interest in staying the election of a new board of trustees ; * * * that the term of office of the appellants expired on May 5, 1907, and they do not appear before the court as claiming or holding any office whatever; that the Eastern Orthodox Church of Holy Trinity has not authorized the taking of an appeal, nor has the board of trustees, if there be such a board, authorized the taking of an appeal, as a board or in its corporate capacity, and, appellants being without interest in the premises to prosecute the appeal, the appeal taken by them must therefore be dismissed.”
Opinion.
As relators, by their pleadings, judicially admit that respondents have sufficient interest to enable .them to appear in court for the purposes of the judgment which has been rendered against them, and as they have appealed in the quality in which they have been condemned, we are of opinion that re-lators cannot be heard to question their interest for the purposes of such appeal.
It is suggested in the brief filed on behalf *153 of relators (though not in their motion to dismiss) .that there is no amount of property in dispute within the jurisdiction of this court. The transcript, however, discloses an admission to the effect that the assets of the church are worth more than $15,000, and the matter in dispute is, among other .things, the right to administer those assets. Where such questions arise in connection with successions and the assets exceed $2,000 in value, the jurisdiction of this court seems to be well recognized, though the possible fees accruing to the administrator may be far less; and the amount of a charity fund has been held to be a factor in determining the question of jurisdiction in the matter of its administration. Louisiana Board, etc., v. Dupuy et al., 31 La. Ann. 305. We find no reason for differentiating the ease here presented from those mentioned, and conclude that the suggestion of want of jurisdiction is not well founded.
The motion to dismiss the appeal is therefore overruled.