CASE 93.—MANDAMUS BY JAMES O'HARA AND OTHERS AGAINST THE [WILLIAMSTOWN CEMETERY COMPANY AND OTHERS.—May 14, 1909.

## O'Hara, &c. v. Williamstown Ceme=tery Co. &c.

Appeal from Grant Circuit Court.

J. W. CAMMACK, Circuit Judge.

Judgment for defendants, plaintiffs appeal.—Reversed.

1.  Pleading—Amendment of Petition—Discretion of Court— Abuse.—An amendment to a petition by stockholders against the corporation and its trustees for an accounting and to compel an election of trustees expressly entitled the defendant trustees as trustees de facto, and explained that two of them were still acting as trustees by virtue of having been made such by the company's charter, granted many years before, and that the other three were illegally appointed by their predecessors in office, who had never been legally elected or appointed. Held, that it was an abuse of discretion to refuse to allow the amendment, which made more definite and certain matters attempted to be set forth in the original petition.

2.  Parties—Designation of Defendants in Suit by Stockholders Against Corporation and Trustees.—A petition by stockholders against a corporation and its trustees is not defective because the individual defendants are not styled trustees in the caption of the petition, where they are so named and declared in the body thereof.

3.  Corporations—Suit by Stockholders Against Corporation and Trustees—Right to Maintain.—Stockholders may sue the corporation and de facto trustees to compel an accounting and an election of trustees as required by its charter, which election it was alleged the de facto officers failed and refused to call on a demand therefor.

O'Hara, &c. v. Williamstown Cemetery Co., &c.

4. Corporations—Suit by Stockholders Against Corporation and Trustees—Relief Which may be Awarded.—If, on a trial of a suit by stockholders against the corporation and its trustees to compel an accounting and election of officers, it is found that the individual members are merely de facto trustees and can not be required to call or hold a meeting to elect trustees, the court can at least require of them an accounting, remove them as de facto trustees, and declare a vacancy in the of- fices, and, in addition, require the corporation or its stockhold- ers to legally elect a board of trustees in conformity to its charter.

E. K. WILSON for appellants.

POINTS DISCUSSED AND AUTHORITIES RELIED ON.

1. It is error to sustain a demurrer to petition for several de- fendants when there has been no order made permitting one de- fendant to act for all. Civil Code, Sec. 25.

2. Amended petition should be allowed to be filed though it con- tains an action that could not be joined with original petition. Hood v. Chandler, 13 B. M. 403.

3. Objection to pleading can not be made by demurrer because it contains inconsistent matter. Hancock v. Johnson, 1 Met. 242.

4. The rule allowing amended petition is very liberal. L. & N. R. R. Co. v. Painter, 113 Ky. 952.

5. Mandamus will lie against officers of private corporations to compel an election under its charter. Orr v. Bracken County, 81 Ky. 593; Cyclopedia of Law and Procedure, Vol. 26, page 352; Bas- sett v. Atwater, 65 Conn. 355; 32 Act 937; 32 Law Rep. Au. 575; Bethany Cong. So. v. Sperry, 10 Conn. 200; Idem Vol. 10, page 318; Am. Railway Frog Co. v. Haven, 101 Mass. 398; 3 Am. Rep. 377; People v. Cumming, 72 N. Y. 433; People v. Albany Hospital Co. 61 Barb. N. Y. 397.

6. Remedy is to sue for an accounting when corporation failed to show what has been done with the money paid in by share- holders. Paintsville L. Co. v. Getmen, 15 Ky. Rep. 748; Charter of Williamstown Cemetery Company, Vol. 11, Acts of General As- sembly of Kentucky, 1859-60; act requiring cometery company to make annual report of receipts and disbursemnts, Ky. Statutes, Sec. 202.

A. G. DEJARNETT for appellees.

AUTHORITIES CITED.

Acts Kentucky Legislature, 1859-60, Vol. 2, page 53; Newman's Pleading and Practice (2nd. Ed.), Secs. 195-219 and 220b.; Winn's Adm'r. v. N. N. & M. V. Co., 15 Rep. 74; Kentucky Statutes, Sec. 1057; Hancock v. Johnson, 1 Met. 242; Humphreys v. Hugh's Guar- dian, 97 Ky. 488; McClure v. L. & N. R. R. Co., 13 Rep. 208-9.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE —

Reversing.

This is an appeal from a judgment of the Grant Circuit Court sustaining a demurrer to appellants' petition and dismissing the action.

The action was instituted by appellants as stockholders in the appellee Williamstown Cemetery Company, against the company, J. H. Webb, C. S. Webb, Clay Conrad, J. M. Baker and D. L. Cunningham, its acting trustees, to compel of the latter an accounting for moneys received as trustees and its payment into the court, and to obtain a writ of mandamus requiring them to call and hold a meeting of the stockholders of the cemetery company for the election of trustees therefor as required by the charter of the company. It was, in substance, alleged in the petition that the Williamstown Cemetery Company was incorporated February 16, 1860, by an act of the General Assembly of Kentucky; its business being to acquire and conduct a cemetery in the city of Williamstown, under the control of seven trustees named in the act of incorporation, whose successors in office should be elected every five years, at a meeting of the stockholders of the cemetery company called for that purpose; that the charter of the Williamstown Cemetery Company provides that each person owning a burial lot in its cemetery of the value of $10 shall be regarded as holding a share and entitled to one vote for trustees; and that appellants each own a lot in the cemetery of the appellee company. An amendment to the petition contains the further averments that two of the appellees, J. H. Webb and D. L. Cunningham were among the incorporators of the Williamstown Cemetery Company and of the board of trustees appointed by the act of incorporation, and that they have illegally claimed to be and acted as

such trustees ever since their appointment in 1860; that the other appellees, G. S. Webb, Clay Conrad and J. M. Baker, though acting as trustees of the cemetery company, were never elected as such, but were illegally appointed to the office by the trustees, J. H. Webb, D. L. Cunningham and other former trustees of the cemetery company. It was also alleged in the petition that the appellees, J. H. Webb, C. S. Webb. Clay Conrad, J. M. Baker and D. L. Cunningham, while acting as such trustees, had collected from the sale of burial lots in the cemetery from $200 to $2,000 annually, none of which was ever reported to or accounted for by them to the stockholders of the cemetery company, though appellees were required by law to furnish the stockholders on the first Monday in January of each year a "minute report of all money received and disbursed." It was also in substance alleged in the petition that appellees have negligently allowed the cemetery grounds to go to waste and many valuable monuments and tombstones therein to be defaced or otherwise injured; that an election of trustees for the cemetery company has never been held since its organization, although its charter provides that such election shall be held "once in every five years," after due notice in writing of the time and place of voting is given at the courthouse door and at the churches in Williamstown, the election to be held by two judges and a clerk appointed by the board of trustees. In the prayer of the petition the court was asked to issue a writ of mandamus requiring the appellee Williamstown Cemetery Company and the de facto trustees to call and hold an election for trustees as provided by the charter of the company, and also to require of the de facto trus-

tees an accounting of all moneys received by them for the cemetery company and to declare vacant the offices they assume to hold.

The demurrer was sustained upon the ground that the petition does not state a cause of action, and it is insisted for appellees, J. H. Webb, C. S. Webb, Clay Conrad, J. M. Baker and D. L. Cunningham that it seeks a recovery against them, not as trustees, but merely as individuals, for intermeddling in the business of the Williamstown Cemetery Company and wrongfully converting its funds, and that if they are guilty of the acts charged they are liable only to the Williamstown Cemetery Company, and, while the company might maintain an action against them to enforce such liability, its stockholders can not do so. There is no just ground for this contention. While it is charged in the petition that appellee Webb and associates were never elected trustees, the facts alleged with respect to their assumption of the offices and control of the cemetery and affairs of the company in effect make them de facto trustees, and the amended petition, which appellants offered to file before the demurrer was passed on in the court below, removed any doubt that may have arisen from the language of the original petition as to the capacity in which they were sued, for the amendment in express terms entitles them de facto trustees, and explains that two of them are still acting as trustees by virtue of having been made such by the charter of the cemetery company granted by act of the Legislature 48 years ago, and that the other three were illegally appointed trustees by their predecessors in office, who had never been legally elected or appointed trustees. The refusal of the circuit court to allow

the amended petition to be filed was an abuse of discretion, for it made more definite and certain the matters attempted to be set forth in the original petition. The fact that appellee Webb and associates are not styled trustees in the caption of the petition does not make the petition defective, as they are so named and declared in the body of the petition. Newman's Pleading and Practice (2d Ed.) Secs. 195, 219, 220.

We see no force in appellees' further contention that appellants' as stockholders, can not maintain such an action as this against the corporation and its trustees. The relief here sought is against the corporation, as well as the persons sustaining to it the relation of de facto trustees. In Orr v. Bracken County, 81 Ky. 593, 5 R. 632, this court said: "We are not disposed to adjudge that the chancellor was without power to require an election upon the presentation of a proper case. * * * In case of public corporations mandamus will lie to compel election of officers; and it is said in Angell and Ames on Corporations (10th Ed.) p. 308 'We see no reason why the same remedy should not lie against a private corporation aggregate to enforce an obedience to the charter, if they neglect or refuse to elect their proper officers.'" We also find a concise statement of the same doctrine in 26 Cyc. 352. "The legal right of a stockholder or member of a corporation to have an election of directors or other officers, or meetings of stockholders or members for other purposes, as required by charter or by-laws, or to have a new election in case of illegality, may be enforced by mandamus to compel the existing directors or other proper officers to call and hold a meeting for such purposes." Bassett v. Atwater, 65 Conn. 355, 32 Atl.

937, 32 L. R. A. 575; Railway Frog Co. v. Haven, 101 Mass. 398, 3 Am. Rep. 377; People v. Cumming, 72 N. Y. 433.

It should not be overlooked that it is averred in the petition in the instant case that the appellees, assuming to act as trustees of the Williamstown Cemetery Company, "have failed and refused to call an election for a board of seven trustees as required by its charter, though demanded so to do." In view of such refusal, there can be no doubt of the right of the stockholders to take the initiative, as appellants are now attempting to do. If, on the trial of the case, the circuit court should conclude that appellees are merely de facto trustees, and by reason thereof can not be required by mandamus to call or hold a meeting of the stockholders of the corporation for the election of trustees, it can at least require of them an accounting, remove them as de facto trustees, and declare a vacancy in the office they have been assuming to hold, and in addition render such a judgment as will require the corporation or its stockholders to legally elect a board of trustees in conformity to the provisions of its charter.

For the reasons indicated, the judgment is reversed and cause remanded for further proceedings consistent with the opinion.