# Jones et al. v. Johnson et al.

Nov. 12, 1943.

J. Wood Vance and George J. Ellis, Jr., for appellants.

N. F. Harper, J. P. Carter and J. C. Carter, Jr., for appellees.

Opinion of the Court by Chief Justice Fulton—
Affirming.

The petition in this action, filed by three persons as representatives of one of two factions of the Fountain Run Missionary Baptist Church against the appellees as representatives of the other faction, alleges that a schism arose in 1938 and that the church divided into two factions; that in 1939 the defendant faction took charge of the church and refused to allow the plaintiff faction to worship therein; that two of the three persons who were trustees at the time the schism occurred adopted an order on May 8, 1942, allotting the time each faction should use the church according to section 322 of the Kentucky Statutes (now KRS 273.120) but that the defendant faction refused to abide by the order.

It is alleged that the plaintiff faction is represented by a large part of the original congregation, if not by a majority. We regard this as an allegation that the plaintiff faction was in the minority at the time the trouble arose, under the rule that a pleading will be construed most strongly against the pleader.

The prayer of the petition was that a schism be adjudged, that the allotment of time made by the two trustees be approved and that the defendant faction be enjoined from interfering with the plaintiff faction in the use of the church at the allotted times.

The first paragraph of the answer contained a general denial. The second paragraph pleaded that there are more than 200 members of the church and that the defendant faction is in the majority and has been duly conducting the business and all meetings of the church and that the plaintiffs and the small number of persons whom they pretend to represent have been excommunicated by a majority of the membership. It was further pleaded that the majority of the members have the right to control the church property and transact its business and that the trustees had no power or authority to take charge of the property or make the allotment of time because title to the property is not vested in the trustees but in the congregation as a body.

After completion of the pleadings the defendant faction filed a written proposal of settlement. This proposal was that all who were members before the trouble began meet in the church on a designated date and settle all differences by a majority vote, with the understanding that only those who were members when the trouble began should vote.

The plaintiff faction thereupon filed a counter-proposal that if the court would enter an order making a division of time temporarily for each of the factions to use the church then they would agree for a date to be set for a majority to settle the differences, provided all members then in good standing in both factions should be permitted to vote. The proposal was not accepted.

Evidence was heard for the plaintiffs and at the conclusion thereof the petition was dismissed. The judgment recites "the court is further of the opinion that the Fountain Run Missionary Baptist Church has exclusive jurisdiction of all the members complained of in the pleadings of the plaintiffs." From the judgment of dismissal this appeal is prosecuted.

The evidence of the plaintiffs was directed principally towards establishing that the plaintiff faction was in the majority. Involved in the judgment is a finding of the chancellor that the defendant faction was in the majority at the time the trouble began and we think this finding was authorized. As a matter of fact, O. B. Hughes, one of the trustees who adopted the order dividing time between the two factions, stated that the plaintiff faction did not have a majority at the time of the division.

Since the plaintiff faction was in the minority that faction must bow to the will of the majority. The Baptist Church is a "pure democracy" and its only valid acts are the acts of a majority of the congregation; the courts have no power to decide who are members of the church or whether the congregation has acted justly or unjustly. These are matters to be determined by the congregation. A justiciable controversy in a Baptist church can arise only from conflicting claims to the church property. Thomas v. Lewis, 224 Ky. 307, 6 S. W. (2d) 255; Cooper v. Bell, 269 Ky. 63, 106 S. W. (2d) 124.

There remains only the question whether the court should have declared a schism and adjudged each faction entitled to use the church a part of the time. While the relief sought in the petition was an approval of the order of the trustees allotting time to the respective factions and injunctive relief against the defendant faction prohibiting it from interfering with the use of the church by the plaintiff faction according to the trustees' order, the appellants in their brief recognize that there

can be no permanent schism in a Baptist church and now insist that the chancellor should have adjudged each faction entitled to use the church a part of the time until the will of the majority could be determined.

Section 322 of the Kentucky Statutes (now KRS 273.120) provides that in case of a schism the trustees shall permit each party to use the church a part of the time in proportion to the membership of each party and that excommunication of one party by the other shall not impair this right unless the excommunication be on the grounds of immorality. In construing that section in Thomas v. Lewis, supra, it was held that it applied only where property is conveyed or donated to trustees, the title being vested in trustees for the benefit of the congregation, and has no application in a case such as the one before us where the congregation obtains its own property and where there is no trust created. It was further held that even where church property is held in trust the statute contemplated that a division of time between factions should be only a temporary matter during such time as was required for the ecclesiastical authorities to determine which faction is the congregation or church. The effect of the decision is that since the Baptist church has a congregational government which can act immediately to determine these matters the statute has no practical application to Baptist churches since a situation would rarely arise in which an immediate decision by the congregation could not be had.

Therefore, since the appellants have failed to establish that they were in the majority and that a minority had seized and appropriated the church property contrary to the duly expressed will of the majority the courts are not justified in interfering in the affairs of the congregation. That body can, and must, solve its own problems and settle its difficulties. The statute on which appellants predicate their right to a temporary division of time between the factions has no application and the chancellor correctly denied the relief sought.

Affirmed.

Whole court sitting.