**Jacob GOLDEN et al., Appellants,**

v.

**Rev. E. F. BROOKS et al., Appellees.**

Court of Appeals of Kentucky.

March 18, 1955.

C. Ewbank Tucker, Louisville, for appellants.

Lucian L. Johnson, Louisville, for appellees.

MILLIKEN, Justice.

This is an appeal from a judgment refusing to enjoin the appellees, defendants below, from pursuing negotiations in behalf of the Forest Baptist Church with the Jefferson County Board of Education for the purchase of the Newburg Colored School in Jefferson County.

The Forest Baptist Church held a business meeting for the purpose of voting upon the question whether the trustees of the Church should be authorized to purchase the Newburg schoolhouse from the Jefferson County Board of Education for a Church Home. At this meeting 96 votes were cast, 58 for the purchase of the school building and 38 against it. It is conceded that of the 58 voting for the resolution 17 were minors, and of the 38 voting against the resolution 3 were minors. Thus, if it were to be held that minors could not vote, then the legal vote would have been 41 for the resolution and 35 against. The appellants, plaintiffs below, insist that 7 adult persons voted for the resolution who were not lawfully members of the congregation. If this number is also to be subtracted from the votes in favor of the resolution, then there would have been only 34 for and 35 against the resolution, and the resolution would have been lost. While recognizing that minors

have the right to participate in ecclesiastical matters of the church, it is appellants' contention that in matters pertaining to property rights—real estate in particular—minors have no vote.

Considerable testimony was heard relative to what the practice and custom of the congregation had been in permitting minors to vote. There were no written bylaws or regulations introduced in evidence. It was asserted that this was the first occasion on which the right of minors to vote on a question involving property rights had arisen in the congregation. The appellants reasoned, therefore, that since the opportunity had never arisen for minors to vote on property rights no precedent had been established.

On the other hand, witnesses for the appellees testified that it had always been the practice of the Church to permit minors to vote on all matters. It was brought out that minors had voted on a question of remodeling the old church which, unfortunately, burned to the ground after the remodeling. Moreover, it was testified that minors had been permitted to participate in the election of various officers of the Church who in turn were charged with the management of the congregation's fiscal affairs.

In its judgment the trial court found as a matter of fact that the Forest Baptist Church had no written constitution or bylaws, that there had been a custom in the Church to permit all members under 21 years of age to vote on all matters, both spiritual and temporal, and the chancellor then concluded that the Church members under 21 years of age who had voted both for and against the resolution did so lawfully and should have their votes counted. In view of that conclusion, the court deemed it unnecessary to pass on the status of the 7 challenged adult votes. As a consequence, the trial court decided that the majority of the congregation voted in favor of the resolution favoring the negotiating of a loan and the completion of the purchase of the Newburg Colored School property, and, consequently, dismissed appellants' petition.

This court has recognized the universal and fundamental equality of rights of Baptist Church members. In Thomas v. Lewis, 224 Ky. 307, 6 S.W.2d 255, 258, in which the Colored Centennial Baptist Church of Louisville was involved, this court described the type of organization of the Baptist Church as follows:

"The government is administered by the body of the members where no one possesses a preeminence of authority, but each member has equality of rights, and where there are differences in matters of opinion the majority decides. * * * No officer is given any greater voice in the affairs of the church than the humblest member."

■■■ The custom of permitting those under 21 to vote in the Forest Baptist Church must be recognized as the established rule or custom of this congregational form of Church. This court has repeatedly held that customs and rules of local Baptist Churches are supreme and courts will not interfere if the rules are followed, even though property rights are involved. Clapp v. Krug, 232 Ky. 303, 22 S.W.2d 1025; Yeary v. White, 268 Ky. 471, 105 S.W.2d 609; Cooper v. Bell, 269 Ky. 63, 106 S.W. 124; Jones v. Johnson, 295 Ky. 707, 175 S.W.2d 370. The court again this year upheld the right of voting by all members of a congregational form of Church, and supported its government by a majority of members. Bunnell v. Creacy, Ky., 266 S.W.2d 98. In none of these decisions has there ever been the slightest indication that members under 21 could not vote. Instead the implication of the decisions is that all congregational Church members have a right to vote on all matters without restriction as to age.

In 45 Am.Jur., 736, Religious Societies, Sec. 21, it is stated that: "The rule is established that all members of an association in good standing have the right to participate in its decisions." And, in 4 Am. Jur. 463, Associations, Sec. 14, it is said: "All members of an association in good standing have a legally enforceable right

to attend the meetings of the society and participate in its deliberations and decisions." See, also, Randolph v. Mt. Zion Baptist Church of Newark, 139 N.J.Eq. 605, 53 A.2d .206; Geter v. Walters, 5 N.J.Super. 10, 68 A.2d 330.

In view of the above, the Kentucky rule and the general rule of law would require that in such Baptist Church meetings all members, regardless of their age, have the right to vote on all matters.

We concur, therefore, in the trial court's refusal to grant the injunction, and the judgment is affirmed.