Nelson WILLIS et al., Appellants,

v.

Rufus DAVIS et al., Appellees.

Court of Appeals of Kentucky.

May 1, 1959.

Charles J. Lunderman, Jr., C. Ewbank Tucker, Louisville, for appellants.

Brunow & Mulloy, Richard H. Nash, Louisville, for appellees.

STANLEY, Commissioner.

This legal controversy among members of the Eastern Star Baptist Church of Louisville is unusual in that it relates to an incorporated body and to a religious congregation or association of the same name. The corporation was organized in 1938 under KRS 273.020 et seq., to own and maintain property and to promote the Christian religion according to the doctrine and policy of the Baptist church. The charter provides for the conduct of its affairs by a majority vote of the members of the congregation through seven trustees to be elected annually by the membership. The charter states that there shall be a monthly meeting of the members of the congregation and special meetings upon ten days' notice from the pulpit of the church. Such a corporation is civil in nature and is an entity distinguishable from an ecclesiastical society or association, the one having jurisdiction over the temporal or secular and the other over ecclesiastical or spiritual affairs. 76 C.J.S. Religious Corporations §§ 9, 16; 45 Am.Jur., Religious Societies, §§ 8, 48. See Note, 8 A.L.R. 130, Effect of incorporation of an independent religious society.

This action was brought by Rufus Davis, as a deacon, as chairman of the Board of Deacons, as a member of the Eastern Star Baptist Church, also, for nine of the ten members of the Board of Deacons and as a class representative of the majority of the members of the church against Nelson Willis, as pastor and representative of a minority of the members of the Eastern Star Baptist Church. The corporation is also named as a defendant.

In material part the complaint charged that in violation of the charter of the corporation and the Rules of Order of the church, the defendant Willis, as pastor and moderator, had continuously and repeatedly refused to permit the holding of a business meeting of the members since January 4, 1957, which was eight months before the filing of the complaint, for the election of trustees and "many important and urgent civil and temporal as well as ecclesiastical matters to be brought before the church board." In addition to informal requests, a formal request by the chairman of the Board of Deacons had been made of the pastor to call a meeting to consider at least eight specified items of business relating to the repair of the church building, church finances and "the reinstatement of the elected Board of Trustees of the corporation." Some of the other items were of a different nature, such as considering a motion requesting the resignation of the pastor and the re-establishment of the choir. The complaint charged that the defendant Willis had refused to convene a meeting and had deprived the plaintiff and a majority of the congregation of valuable "civil, temporal and proprietary rights in and to the church and its properties." The plaintiff prayed a declaratory judgment of a right to have such a meeting convened and asked injunctive relief, including an order by the court of a church business meeting to ascertain the will of the church body to be conducted by a moderator appointed by the court. An affidavit supported the verified complaint.

The answer was a general denial of the allegations of the complaint except that the defendant Willis was the pastor of the church and the existence of the corporation.

It appears from the briefs that evidence was heard but the same was not transcribed. This court will indulge the pre-

sumption that the absent evidence supported the facts pleaded and the decision of the trial court thereon. Marcum v. Brock, Ky., 257 S.W.2d 55.

The court directed the defendants to permit a business meeting of the membership of the church at a designated time and place and appointed the Honorable Thomas J. Knight as commissioner to moderate and conduct the meeting.

Judge Knight seasonably filed a report stating that he had held such a meeting at which 119 eligible members of the church were present and reciting the action taken. By a vote of 107 in favor, one opposed and eleven abstaining, the pastor was requested to resign and to turn over the financial records of the church and make an accounting. Deacons and other officers were elected. The court overruled exceptions and confirmed the report. The judgment, however, was limited to declaring named persons to be the duly elected church treasurer and banking committee, respectively. They were held entitled to receive any and all money belonging to the Eastern Star Baptist Church. It will be observed that this judgment is confined to determining civil and property rights and temporal affairs.

The law recognized in this and other jurisdictions is that the courts will give effect to the action of the majority of members of a congregational or independent religious organization, such as a Baptist church, insofar as regards civil or property rights when they have acted in harmony with church rules, customs and practices at a meeting properly called. Thomas v. Lewis, 224 Ky. 307, 6 S.W.2d 255; Clapp v. Krug, 232 Ky. 303, 22 S.W.2d 1025; Cooper v. Bell, 269 Ky. 63, 106 S.W.2d 124, 125; Jones v. Johnson, 295 Ky. 707, 175

S.W.2d 370; 45 Am.Jur., Religious Societies, § 59. In the present case, as stated above, we have, in addition to the assertion of rights in a voluntary religious association, a claim of right by virtue of the corporation holding title to and maintaining the church property. The right of action by or against religious corporations and the procedure in such actions are governed by the rules governing actions by or against corporations generally. 45 Am.Jur., Religious Societies, § 91. A mandatory injunction is available in many cases to enforce duties owing by officers of a corporation to its members. Such process is regarded as a proper remedy in behalf of a stockholder or a member to compel responsible officers to call a meeting as required by its charter or by-laws for the election of officers and like business. To that end the power of the courts is not limited to directing the appropriate officers to call the meeting, but in a proper case it may appoint a commissioner to hold such a meeting where necessary to protect the complainant's right. O'Hara v. Williamstown Cemetery Co., 133 Ky. 828, 119 S.W. 234; Elston v. Wilborn, 208 Ark. 377, 186 S.W.2d 662, 158 A.L.R. 179; 13 Am.Jur., Corporations, § 475, Supp.; 34 Am.Jur., Mandamus, § 101; Annotation, 48 A.L.R.2d 624. This rule of law applies where trustees of a religious corporation fail to call the regular annual meeting for the election of new trustees. State ex rel. Bellamore v. Rombotis, 120 La. 150, 45 So. 43; Note, 48 A.L.R.2d 621. The same rule should apply in electing a treasurer and banking committee for this church, as was expressly done in this case.

We are of opinion, therefore, that the court had proceeded properly in this case. The judgment is

Affirmed.