Billy R. HOLLINS, Irene Barlow, Ricardo Sisney and Morton Hampton, Appellants,

v.

Marshall N. EDMONDS, Herbert A. Oldham, Charles H. Taylor, Frances Owmby, Maggie Brown, Selvin Butts, Sr., Nell G. Curry, Virginia Cook, Addie Edmonds, Betty Esters, Elizabeth Frierson, Anna Gant, Dorothy Grainger, Hazel Huffman, Joseph S. Owmby, Susie Oldham, Cephas Smith, Mareeth Whitlow, Billy Claypool, Frank Haney, Jodie Haney, Rachel P. Butts, and O. J. Gillum, Appellees.

Court of Appeals of Kentucky.

May 8, 1981.

Aubrey Williams, Louisville, for appellants.

James Lucas, Bowling Green, for appellees.

Before HAYES, C. J., LESTER, and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a summary judgment entered June 16, 1980, which requires the election of officers and a financial accounting of church business.

The State Street Baptist Church has been in existence for over 140 years. In 1973, the membership organized a nonprofit corporation. Although the articles of incorporation recite that the church was incorporated pursuant to Section 271, subsequent provisions state that it would be governed by K.R.S. 273. In September, 1980, certain church members sought an order that the church have a business meeting and that business be transacted as permitted by K.R.S. Chapter 273. Depositions of directors Hollins and Barlow were taken on February 22, 1980. Thereafter summary judgment was requested. On June 3, 1980, a church officer, Walter Travis, gave his deposition. Two weeks later the trial court granted summary judgment. This appeal followed.

The appellants argue as follows:

(1) The trial court committed reversible error in granting a summary judgment when there were genuine issues of material fact raised in the appellants' depositions.

(2) It was reversible error to deny the appellants' motion to dismiss when appellees failed to either plead or prove that they had the capacity to bring the lawsuit.

This Court reverses the summary judgment of the trial court because there were genuine issues of material fact, and the appellees were not entitled to a judgment as a matter of law.

■ The genuine issues were raised by the depositions filed by the appellants. The trial judge failed to hold any hearings or take any proof concerning certain disputed facts. The original complaint raised substantive, technical and procedural matters. The factual assertions by Travis indicate that the church had conducted annual meetings every year at which time the congregation was informed of the church's financial status. Travis also testified that the officers were elected and installed at the annual meetings. We believe this to be a serious and genuine issue of material fact. Appellant Hollins also disputes the allegations of the appellees regarding financial matters and the annual meetings.

Summary judgment must be very cautiously invoked. We believe there is a sufficient dispute as to the evidentiary matters to require a hearing even though it may be brief. It is well settled that all doubts must be resolved in favor of the party opposing a motion for summary judgment. The movant should not succeed unless the right to judgment is shown with such clarity that there is no room for controversy. The summary judgment procedure is not a substitute for a trial. The trial judge must examine the evidentiary material, not to decide any issue of fact, but only to determine if a real issue exists. 7 W. Clay, *Kentucky Practice*, CR 56.03, (3rd ed. 1974).

Both the original articles of incorporation and the applicable laws require the holding of an annual congregational meeting for the purpose of electing directors. K.R.S. 273.193; K.R.S. 273.211.

K.R.S. 273.197 requires written notice of a members' meeting within ten to thirty-five days prior to the meeting. K.R.S. 273.-263 requires that written notice of proposed amendments be given to each member ten to thirty-five days prior to the meeting.

The business of the church was conducted in a rather informal manner in accordance with its customs. Although this kind of conduct might be suited to church tradition, it does not comply with the requirements of the statutes regarding nonprofit corporations. As the trial judge phrased it—once

the church determined to enter the realm of Caesar by forming a corporation, it was required to abide by the rules of Caesar, or in this case, the statutes of the Commonwealth of Kentucky.

■ At trial, the court must determine if the members were each given proper written notice of the annual meetings and elections of directors which were allegedly held. Unless it is proven that the members received proper written legal notice, the trial judge must find that the church has neither held a valid meeting of the members, nor has conducted a valid election of directors. Pursuant to the authority of *Willis v. Davis*, Ky., 323 S.W.2d 847 (1959), the trial judge could then order a meeting and an election of directors.

■ K.R.S. 273.191 requires the adoption of bylaws by the board of directors. Such power is vested in the directors only in the absence of charter provisions to the contrary.

K.R.S. 273.211(2) provides that a director who is originally designated as such by the articles of incorporation shall hold office until the first annual election of directors, or for such other period as may be specified in the articles or bylaws. In the absence of a fixed term, a director shall remain in office one year and until his successor is elected and has accepted his election.

■ It is within the province of the trial court to decide if a majority of the original board of directors has been validly constituted and has properly approved bylaws.

■ The members who instituted this action had the capacity to do so. *Willis, supra*, contemplates that any active member of the corporation can seek relief in the courts from the directors' refusal to hold a meeting. Thus the appellants' arguments about lack of capacity are without merit because it is undisputed that the appellees are active members of the church.

■ The contention that the trial court acted prematurely is unpersuasive. In the case of *Hartford Ins. Group v. Citizens Fid. Bank & Trust Co.*, Ky.App., 579 S.W.2d 628

(1979), only six months expired between the filing of the complaint and the date of judgment. In that case the court indicated that this was ample time in which to engage in discovery or inform the court why judgment should not be granted. It is not necessary that discovery actually be completed but only that a suitable opportunity to do so was available.

It is the general holding of this Court that those organizations choosing to incorporate under the provisions of Chapter 273 must comply with the requirements of that law. Specifically, we hold that the statute requires that written notice of meetings be given to members of the corporation and that bylaws must be adopted.

The summary judgment of the trial court is reversed, and this matter is remanded for an evidentiary hearing.

All concur.