Clara POE, Executrix of the Estate of Patricia A. Hopkins and Richard A. Hopkins, Appellant,

v.

Russell R. RICE, M.D., and Solomon, Oldham Bryant & Hollinsworth, a Partnership and/or Professional Service Corporation, Appellees.

Court of Appeals of Kentucky.

Feb. 21, 1986.

J.L. Richardson III, Louisville, for appellant.

William Bowman, James G. Apple and Rebecca F. Shubaeh, Louisville, for appellees.

**6**

Before CLAYTON, DUNN and Mc-DONALD, JJ.

CLAYTON, Judge.

This is an appeal from a summary judgment of the Jefferson Circuit Court dismissing the medical malpractice action of the appellants. As a basis for dismissing pursuant to CR 56, the trial court reasoned that the appellants failed to meet their burden of producing expert testimony that the doctors were negligent in failing to diagnose Patricia Hopkins' breast cancer. The appellants argue that the lower court erred in granting summary judgment as the existence of genuine issues of material fact was established; the plaintiffs' fundamental right to trial was denied; the court arbitrarily denied plaintiffs an oral argument to present genuine issues of material fact in contravention of Jefferson Circuit Court Rule 206; and the court's summary judgment is an erroneous adjudication of the facts. As we agree with appellant's first and fourth argument, we reverse and remand for further proceedings.

From the face of the judgment, it is readily apparent that the lower court has erroneously attempted to substitute the summary judgment standard of CR 56.03 for the procedures of CR 37.02 and CR 37.01. Nowhere in the language of the March 27, 1985 summary judgment are we able to locate a finding that there is no genuine issue of material fact. Instead the trial court concentrates upon the appellants' supposed failure to produce expert testimony concerning the defendants' alleged negligence.

This argument ignores the fact that appellants repeatedly objected to producing such witnesses in their response to interrogatories, while maintaining their existence. At no time did the appellees move the trial court to compel discovery pursuant to CR 37.01(b)(i). Nor did the lower court ever enter an order requiring the plaintiffs to respond to defendant appellees' interrogatories regarding such witnesses. In essence then, the court below has improperly attempted to resolve an essentially procedural conflict arising from discovery with a rule founded upon the resolution of legal issues arising upon undisputed facts. This it cannot do.

Case law in our jurisdiction is manifest that summary judgment is to be cautiously applied, *Hollins v. Edmonds*, Ky. App., 616 S.W.2d 801 (1981), especially in actions involving allegations of negligence. *Hill v. Alvey*, Ky., 558 S.W.2d 613 (1977). All doubts are to be resolved in the non-movants' favor, *Rowland v. Miller's Adm'r.*, Ky., 307 S.W.2d 3 (1956). Only where all the evidence, viewed in a light most favorable to the opposing party, manifestly reveals that no genuine issues of material fact exist and that the movant is entitled to judgment as a matter of law, may summary judgment be properly granted. Such is not the case in the present appeal which has more of the flavor of a dismissal for failure to prosecute than a summary judgment.

The judgment of the Jefferson Circuit Court is reversed and remanded.

Further, pursuant to 2.(a) of the Order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.