JUDGE PETERS
delivered the opinion oe the court.
Appellee, having been appointed a receiver by the court below for the purpose, collected from appellant on a sale bond the sum of two hundred and eleven dollars and sixty-four cents. Afterward the bond was quashed, and appellee ordered by the court to return the money; and having failed to do so, a rule was awarded against him to show cause why he should not be attached for failing to pay the money. In response to the rule he stated that as to the sum of eighty-three dollars and eighty-nine cents he was ready and willing to pay, and tendered it in court; but that he had claims against appellant equal in amount to the residue of his demand, allowed him by the Larue Circuit Court, as commissioner, for making out reports, and other services set out in a bill of particulars filed with his response, and alleged that appellant was legally insolvent; to which appellant filed a demurrer.
On the trial the court below was of opinion that as the demurrer admitted the facts stated in the response to be true, that it would be inequitable to compel Gunter to pay over the money in his hands to the extent that appellant was indebted to him; but as the claim thus asserted could not be liquidated on the trial of the rule, a judgment was rendered against appellee for the eighty-three dollars and eighty-nine cents not controverted by the response, and as to the balance in appellee’s hands the rule was discharged without prejudice; and, in the language of the court below, “to that extent the parties are remitted to their legal rights and remedies respectively.” From that judgment Johnson has appealed.
The only question presented by the record is whether the facts stated in the response are sufficient to authorize the discharge of the rule; or, admitting them to be true, was the proper judgment rendered in the case? And *536 whether that question was raised by what is termed in the proceedings a demurrer or a motion to reject the response, is wholly immaterial.
The money was received by appellee under a decretal order of the court, and his possession is deemed the possession of the court. No discretion is allowed him as to any application or disposition of it, but he holds it subject to the order of the court, and to be paid to whom the court shall adjudge it.
If the mere agent or instrument of the court can. be permitted, after receiving funds under its order, to set up claims to them wholly foreign to the object of his appointment, the position of receiver is perverted into that of a speculator in funds, constructively at least in court, and their destiny becomes as uncertain after they enter the precincts of the court as before. ' The court will not thus permit itself to be made a quasi suitor. Whether or not appellee might have attained his object in a different mode of proceeding is not before us, and we can not properly express any opinion; but we are to decide questions as presented, and we are satisfied that the response furnished no excuse or legal reason for withholding the money.
Wherefore the judgment is reversed, and the cause is remanded, with directions to reject the response to the rule, and for further proceedings not inconsistent herewith.