CASE 19—AGREED CASE—MAY 4.

# Caldwell, &c., v. McWhorter, &c.

APPEAL FROM LINCOLN CIRCUIT COURT.

A RECEIVER OF COURT has no power, even under order of court, to bring an action involving the title to real estate against third parties, or to submit a controversy with third parties concerning title to real estate, and, without the consent of the real parties in interest, bind them by the judgment which may be rendered.

HILL & ALCORN FOR APPELLANTS.

1. A receiver may bring an action in his own name without joining with him the person for whose benefit it is prosecuted. (Civil Code, section 21.)
2. In making the agreed case, the receiver but exercised one of the powers conferred upon him by his order of appointment.
3. The appointment of the receiver was in the sound legal discretion of the Chancellor. (Douglass v. Cline, 12 Bush, 622; Civil Code, section 300.)

MORROW AND NEWELL FOR APPELLEES.

1. The appointment of a receiver was void for want of notice, and for the further reason that the judge had no power to make such an appointment, the title or right to the property not being involved. (Civil Code, section 298.)
2. The judge had no power to authorize the receiver either to bring a suit involving the title to real estate, or to submit a controversy with regard thereto without joining with him the real parties in interest, and, therefore, appellees are not bound by the judgment which was rendered. (Civil Code, sections 18, 21 and 302; Story's Equity (6th ed.), sections 831, 833 and 833a.)
3. The estoppel pleaded by appellants is purely technical, and, therefore, the burden is on appellant to establish it conclusively. (Abbott v. Welburn, 22 La. Ann., 368; Lewis' Appeal, 67 Pa. St., 153; Bell v. McCullough, 31 Ohio, 397; State v. Pepper, 31 Ind., 76.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an appeal by E. B. and Sarah I. Caldwell from a judgment rendered in an agreed case between them and J. W. McWhorter, who, having an interest, appears for himself and the heirs of Enoch Bur-

dett, deceased, which was submitted to the Lincoln Circuit Court in pursuance of chapter 4, title 14, Civil Code.

The following are the material facts stated, and the question involved is as to the title to a tract of land containing three hundred acres in that county.

In 1876 Enoch Burdett, residing in Casey county, died intestate, the owner of several tracts of land in that and Lincoln county, leaving about seven hundred collateral heirs living in different parts of this and other States.

Prior to April, 1878, a number of the heirs instituted in the Casey Circuit Court an action against the other heirs, seeking a sale of all the lands of the decedent for the purpose of a division. And while that action was pending, on motion of B. M. Burdett, one of the defendants, and also chief counsel for the plaintiffs, L. W. Burdett was, April 22, 1878, by an order of the judge of that court, made in vacation, without notice to the other plaintiffs or defendants, appointed a receiver, and continued to act as such until all the lands were sold, except the tract of three hundred acres mentioned; there being no exception or objection to his appointment made of record by any of the parties to the action.

October 30, 1879, the question of title to the three hundred acres of land, with only a partial statement of the facts upon which it depended, was, by agreement between L. W. Burdett, receiver, representing or assuming to represent the heirs of Enoch Burdett, and E. B. and S. I. Caldwell, submitted to the Lincoln Circuit Court for judgment.

The only evidence of title produced on the trial of
that agreed case by L. W. Burdett, the receiver, was
a deed for the land executed by Robert Wall to
Enoch Burdett in 1822. But a patent for two hun-
dred acres of the tract issued by the Commonwealth
to Sarah I. Caldwell in June, 1877, and one of the
same date for ninety-seven acres thereof issued to
E. B. Caldwell, being exhibited as evidence of their
title, judgment was rendered in substance that their
respective titles to the land were valid against and
superior to the title of the heirs of Enoch Burdett.

In the present agreed case it is admitted that there
was in 1820, regularly issued by the Commonwealth
to Robert Wall, the immediate vendor of Enoch Bur-
dett, a patent for the three hundred acres of land
in controversy. And it being thus rendered manifest
that the patents issued to the Caldwells in 1877 are
void, and that neither of them has title to the land,
judgment was rendered in favor of Burdett's heirs,
as must have been done in the former proceeding
of 1879, if the patent to Wall had been then pro-
duced. It is, therefore, evident that Burdett's heirs
are entitled to recover the land in controversy, and
the judgment in this case must be affirmed, unless
they are barred by the judgment of 1879. And the
single inquiry, upon which the validity of the latter
judgment depends, is whether L. W. Burdett, in vir-
tue of his appointment as receiver by the Casey Cir-
cuit Court, had authority to submit the question of
title to the land to the Lincoln Circuit Court, and
bind the heirs of Enoch Burdett by the judgment,
though they were no parties to the proceeding in
which it was rendered.

Section 18, Civil Code, provides that "every action must be prosecuted in the name of the real party in interest, except as provided in section 21." And in section 21 it is provided that any one of certain fiduciaries therein named, including "a receiver appointed by a court," may bring an action without joining with him the person for whose benefit it is prosecuted. But it does not follow that it was intended by that section to give unrestricted authority to a receiver of a court to institute an action without the consent of, or joining with him the persons whose rights and interests may be involved, and bind them by any judgment that he may suffer to be rendered against them.

Chapter 5, title 8, Civil Code, provides in what cases a receiver may be appointed, prescribes his duties, and confers whatever authority he has.

Section 298 is as follows: "On motion of any party to an action who shows that he has, or probably has, a right to a lien upon an interest in, any property or fund, the right to which is involved in the action, and that the property or fund is in danger of being lost or removed, or materially injured, the court or judge thereof, during vacation, may appoint a receiver to take charge of the property or fund during the pendency of the action, and may order or coerce the delivery of it to him," etc.

Section 299 provides for the appointment of a receiver in an action for the sale of mortgaged property, when it is in danger of being lost, removed or materially injured, or is probably insufficient to discharge the mortgage debt.

Section 302 is as follows : "The receiver has, under the control of the court, power to bring and defend actions, to take and keep possession of the property, to receive rents, collect debts, and generally to do such acts respecting the property as the court may authorize."

It will be perceived that the power to appoint a receiver exists under section 298 only where there is property or a fund, *the right to which is involved in the action*, and that he is then appointed to take charge of only such property or fund.    It would, therefore, seem that he has power to bring or defend only such actions as involve the preservation of the property or fund in his charge, and the collections of rents and .debts accruing therefrom.

The object of the action in which L.  W.  Burdett was, by the Casey Circuit Court, appointed a receiver, was of common interest to the plaintiffs and defendants, being to sell the lands inherited alike by them from Enoch Burdett, deceased, for the purpose of a division.  It is, therefore, at least questionable whether, in the meaning of section 298, the right to the three hundred acres of land was involved in that action at all; and it is by no means clear that the court had the power to place it in charge of a receiver for any purpose.

But not deeming it necessary to decide whether a receiver may or not be appointed in such an action, when necessary for the preservation of the property, we are satisfied it was never intended by the Civil Code, 'from which the receiver of court derives all his power, to confer upon him the right, even under

order of court, to bring an action involving title to real estate against third parties, or to submit a controversy concerning title to real estate with third parties, and bind the real parties in interest, without their consent, by the judgment which may be rendered.

The owners of real estate can not, under the Code, be deprived of the right to sue or defend for themselves in actions involving title thereto, and if they labor under disabilities, fiduciaries other than receivers of courts are expressly and specially authorized to prosecute or defend for them in such actions. The heirs of Enoch Burdett alone had the right to submit a controversy with appellants involving the title to the land, and as they neither authorized nor were parties to the proceeding of 1879, they are not prejudiced by the judgment then rendered.

Wherefore, the judgment in this case is affirmed.