CASE 37—PETITION EQUITY—APRIL 6.

# Roberts v. Yancey, &c.

APPEAL FROM OWEN CIRCUIT COURT.

1. CHAMPERTY.—A contract whereby a note was assigned to an attorney in consideration of his agreement to bring suit on the note at his own cost and divide with the assignor whatever sum he might collect was champertous and void.

2. SAME.—To constitute a champertous contract under the statute it is not necessary that an action should be pending.

3. A COMMON LAW JUDGMENT AGAINST A CESTUI QUE TRUST rendered in an action to which the trustee was not a party does not bind the trustee, and he may resist its enforcement against the trust estate upon the ground that the contract upon which it was rendered was void. A proceeding against either the trustee or *cestui que trust* has no effect upon the other, both being essential to the determination of any action in reference to the trust estate.

LINDSAY & BOTTS FOR APPELLANT.

1. The defense set forth in the amended answer of the appellee R. H. Yancey as trustee of R. S. Yancey, can not be pleaded in this action by R. S. Yancey, or his trustee or other privies, such defense being pleadable only in the action in which the judgment now sought to be enforced was rendered. And so long as that judgment remains in force this plea of appellee is barred. (Rochester v. Anderson, 3 Bibb, 339; Allen v. Hall. 1 Mar., 526; Hayden v. Booth, 2 Mar., 354; Carlysle v. Long, 3 Mar., 435; Moore v. Lockett, 2 Mar., 527; Cates v. Loftus, 4 Mon., 444; Hardin v. Smith, 7 B. M., 400; City of Newport v. Taylor, 11 B. M., 362; Crabb v. Larkin, 9 Bush, 166; Talbott v. Todd, 5 Dana, 193; Webb v. Galloway, 1 Litt., 79; Lewis v. Stafford, 4 Bibb, 320; Shadburn v. Jennings, 1 Mar., 179; Clary v. Marshall, 5 B. M., 273; Alexander v. Slavens, 7 B. M., 356; Cates v. Woodson,

2 Dana, 455; McChord v. McClintock, 5 Litt., 304; .Feltman v. Butt, 8 Bush, 120; Walker v. Thomas, 88 Ky., 486.)

2. The amended answer of R. H. Yancey, trustee, failing to allege that appellant was "not a party on record" is fatally defective. (Gen. Stats , chap. 11, sec. 1.)

EVAN E. SETTLE FOR APPELLEES.

1. The trustee is not bound by the judgment against the *cestui que trust.*
2. To constitute a champertous contract, it is not necessary that a suit should be pending  (Gen. Stats., chap. 11, sec. 1; Rust v. Larue, 4 Litt., 427; Davis v. Shannon, 15 B. M., 64; Miles v. Collins, 1 Met., 311; Brown v. Beauchamp, 5 Mon., 416; Chiles v. Conley, 9 Dana, 387; Swanger v. Crutchfield, 9 Bush, 416; Crowley v. Vaughan, 11 Bush, 518.)

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

R. S. Yancey executed and delivered to Jesse Holbrook his promissory note. Thereafter, Holbrook assinged said note to W. B. Roberts, a lawyer, and appellant. The consideration of the assignment was that the appellant, as such assignee, was to bring suit on said note against R. S. Yancey at his own costs and expense, and divide whatever sum that he might collect from said Yancey, between himself and Holbrook. Judgment was obtained by default against Yancey for the amount of said note, and execution having issued thereon and returned no property found, the appellant instituted this equitable action against the said appellant, and R. H. Yancey, his trustee, to subject the trust estate held by R. H. Yancey, to said debt. R. H. Yancey, who was not a party to the common law suit, by an amended answer contested the right of the appellant to subject said trust estate to said debt, upon the ground that the contract being champertous and void, the judgment rendered thereon is void. The lower court overruled a demurrer to the

amended petition, and from this action the appellant appealed to the Superior Court; and that court affirmed the judgment; and from that opinion this appeal is prosecuted.

The appellee contends, first, that the law of champerty does not apply to this case, because it is not alleged that suit was pending at the time the contract was made with a person not a party on record.

Section 1 of chapter 11, General Statutes, provides: "All contracts, agreements and conveyances made in consideration of the services to be rendered' in the prosecution or defense, or the aiding in the prosecution or defense in or out of court, of any suit by any person not a party on record in such suit, whereby the thing sued for or in controversy, or any part thereof, is to be taken, paid or received by such person for his services or assistance, shall be null and void."

SECTION 8. "Neither party to any contract made in violation of the provisions of this chapter shall have any right of action or suit thereon."

As to the first contention of the appellant, it is sufficient to say that it is not necessary that an action should be pending in order to create a champertous contract within the meaning of said section. (See Rust v. Larue, &c., 4 Litt., 418; 3 American, and English Encyclopedia of Law, page 70.) Also the section quoted does not mean that an action must be pending in order to make the contract champertous.

The eighth section quoted expressly provides that neither party to such contract shall have any right of action or suit thereon. Said section makes it clear,

if there was otherwise any doubt, that no action or suit shall be brought on such contract, evidently because the contract, being vicious and against public policy, tainted the whole transaction, and consequently any judgment rendered thereon, the object of which is to enforce said contract, may be resisted by the proper parties. Therefore, there is no doubt that any person not a party or privy to said common law judgment is not bound thereby; and whenever an attempt to enforce it antagonizes his rights or duties, he may resist said judgment to the extent that its enforcement antagonizes his rights, and in order to do so he may show that said judgment is void on account of champerty, &c.

The trustee held some estate willed to him by his father in trust for his brother, R. S. Yancey, and he was intrusted with the control and management of the same for the use of his said brother during his life, and then to his children. This trust does not make him his brother's privy. His control and management of the estate is absolute, being only subject to an action for damages if he abuses his trust.

He, as trustee, and his brother as *cestui que trust*, as a general rule, are regarded as being so independent that proceedings against one have no effect upon the other, and both are essential to a complete determination of any action in reference to the trust estate. See Freeman on Judgments, section 173. That is, to say, as a general rule, a common law judgment against the *cestui que trust*, the trustee not being a party, does not bind him, and he, in an action that seeks to

subject the trust estate to satisfaction of that judgment, may contest the correctness of the judgment and show that it is void, in order to protect the trust property.

The judgment is affirmed.