CASE 25—ACTION BY C. C. CHENAULT, RECEIVER, UPON THE BOND OF
    R. A. MITCHELL, AS ASSIGNEE—DEC. 6.

## Mitchell, &c. v. Chenault.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL.    REVERSED.

RECEIVERS—AUTHORITY TO SUE—FINAL JUDGMENT—CONCLUSIVENESS
    OF INTERLOCUTORY ORDER.

Held:   1. The general receiver of a court may be authorized, by
        order of court, to bring suit for the benefit of a trust fund.
2. An order directing an assignee, for the benefit of creditors, to
   pay over to the receiver of the court a certain sum, and direct-
   ing the receiver, in the event the assignee should not comply
   with the order within ten days, to institute an action upon his
   bond to recover the money, was not a final judgment, and, in
   an action by the receiver on the bond, is not conclusive as to
   the indebtedness of the assignee.

A. T. WOOD FOR APPELLANT.

    The appellee, C. C. Chenault, was the duly qualified receiver
of the Montgomery circuit court, and at the April term, 1900,
of said court, an order was entered in the suit of the Standard
Oil Co. v. McCloskey, &c., then pending in said court, directing
R. A. Mitchell, as assignee of McCloskey, to pay said Chenault,
as receiver of said court, the sum of $539.03, and if he failed to
pay same in ten days, the receiver was ordered and directed
to institute a suit therefor upon the bond of said Mitchell as
assignee.

    The money was demanded of Mitchell by the receiver, and
he failed and refused to pay it within the ten days, and the
receiver instituted this action against said Mitchell, as prin-

cipal, and L. T. Chiles, as his surety on his bond, as assignee, to compel payment.

We contend there is no cause of action set up in the petition. All that is stated in the petition is, the making of the order by the court directing Mitchell to pay this sum to the receiver, and that he received same as assignee of McCloskey's estate. This certainly does not state facts sufficient to constitute a cause of action against appellants, and the demurrer to the petition should have been sustained.

A special demurrer was filed to the petition because plaintiff Chenault had no capacity to sue, and same was overruled. The defendant, Mitchell, filed separate answers, and plaintiff filed demurrer to each of the answers and same was sustained, and they declining to plead further, judgment was rendered against them for $539.03, with interest from April 25, 1900, and costs, and they have appealed.

The appellant, Chiles, in his answer denies that said Mitchell received the sum of $539.03, or any part of it, as assignee of McClusky's estate, and that the order directing Mitchell to pay said sum to the receiver was void. That no judgment had ever been rendered against Mitchell for said sum or any part of it. That the said sum of $539.03 paid by the receiver, Chenault, to G. W. Sydner, was paid out of the assets of McCloskey's estate that came to his hands as receiver of the court, and denied that any of said sum came to the hands of said Mitchell as assignee of McCloskey, and was no part of the assets of McCloskey's estate.

The appellant, Mitchell, in his answer made substantially the same denials and the same allegations as Chiles.

We contend that this is a good defense to the suit of plaintiff.

## RECAPITULATION.

1. The court should have sustained the general demurrer to plaintiff's petition, because it does not state a cause of action against the defendants.
2. The court should have sustained the special demurrer to the petition, because the plaintiff had no capacity to sue in this action.
3. The court should have overruled the demurrer of the plaintiff to the answer of the defendants, Mitchell and Chiles, because they state a good defense even if the petition stated a cause of action.

## AUTHORITIES CITED.

Best v. Johnson, 78 Cal., 217 (Am. St. Rep., vol. 12, p. 71); Luhrs v. Kelly, 67 Cal., 291; Murrell's Adm'r, v. McAllister, 79 Ky., 311; Secs. 400, 409, Kentucky Statutes.

Mitchell, &c. v. Chenault.

HAZELRIGG & CHENAULT FOR APPELLEE.

The court will bear in mind that the Montgomery circuit court had all the parties and all the matters in dispute within its jurisdiction and control, seeking a settlement of McCloskey's insolvent estate. In a case of this kind the court may proceed through its general receiver to collect and disburse money. In that action, upon motion duly made against the appellee, and after a full hearing, judgment was rendered for $539.03 against Mitchell, assignee. To this order and judgment he excepted. While it does not appear that Mitchell resisted this effort to secure judgment against him, still he was a party to that suit and knew of it and excepts to it. If he did not make defense, he could have done so, and doubtless did do so, and he is estopped now to collaterally attack that judgment as being erroneous.

It was proper that the court should have sustained demurrers to the answers of appellants. They seek to avoid the judgment already rendered against Mitchell as assignee on the ground that he did not receive the money as assignee. This was the very question the court fully considered when the judgment was rendered. That judgment was conclusive, and the court will not open up that question in a collateral attack upon the judgment.

### AUTHORITIES CITED.

Jones v. Edwards, 78 Ky., 6; Murrell v. McAllister, 79 Ky. 311; Civil Code, sec. 92, subsec. 4, sec. 118; Powers v. Tyler, 4 Ky. Law Rep., 173; Hardin v. Hardin, 6 Ky. Law Rep., 662.

OPINION OF THE COURT BY JUDGE DURELLE—REVERSING.

The appellee, as receiver of the Montgomery circuit court, brought suit against appellant Mitchell, as assignee of M. McCloskey, and L. T. Chiles, surety upon Mitchell's bond, for $539.03, alleging that at the April term, 1900, an order was entered directing Chenault, as receiver, to collect from Mitchell that sum, and directing, further, that if not paid within ten days the receiver should institute a suit upon Mitchell's bond; that, though demand had been made, the sum had not been paid; that Mitchell had received it as assignee of McCloskey's estate, having duly qualified as assignee, and executed bond with Chiles as surety; and

that a judgment had been rendered at the April term directing Mitchell to pay the amount. The order entered in the case of the Standard Oil Company *et al.* v. M. McCloskey, etc., a copy of which was filed with the petition in this case, recites: "This day came the plaintiff, and moved the court for an order directing that R. A. Mitchell, as assignee of M. McCloskey, pay over to the receiver of this court the sum of $539.03, it being the amount paid by the receiver herein and receiver's commission to G. W. Sydner by reason of amount found due by R. A. Mitchell to Sydner's estate, as having been used by said R. A. Mitchell as assignee of McCloskey, said R. A. Mitchell, as assignee of M. McCloskey, never having been charged with or accounted for any part of same in his settlements as assignee of McCloskey; and being submitted to the court, and the court advised, sustains said motion, and said R. A. Mitchell, as assignee of M. McCloskey, is now charged with said sum of $539.03, with interest from this date until paid, and said R. A. Mitchell is ordered and directed to pay the same over to the receiver of this court within ten days from this date, and, if not then paid, said receiver may institute an action upon the bond of R. A. Mitchell to recover same, and said receiver is directed to do so. To all of which said R. A. Mitchell, assignee, excepts." A copy of Mitchell's bond as assignee was also filed. A general demurrer to the petition having been overruled, an answer was filed by Chiles, admitting the entry of the order in the McCloskey case; denying that any judgment was ever entered; averring that the order was void, and that the money paid by Mitchell in settling the McCloskey estate was received by him as assignee of Sydner, and was never assets of the McCloskey estate. He also attempted to plead the seven-year statute of limitations. Mitchell also filed an

answer setting up substantially the same defenses, with the exception of the statute of limitations. Demurrers were filed and sustained to the separate answers of Mitchell and Chiles, who thereupon filed a special demurrer to the petition upon the ground that Chenault, as receiver, had no capacity to bring the suit. The special demurrer was overruled, and judgment rendered.

The case seems to have turned, in the opinion of the circuit court, upon the question whether the order above quoted was a judgment determining the indebtedness of Mitchell to the McCloskey estate. Whether it was a judgment or not, it was, we think, sufficient authority to Chenault to authorize the bringing of the suit, and the special demurrer was properly overruled. The authorities cited upon this point do not sustain the proposition that a receiver, when directed to bring suit for the benefit of a trust fund for a sum claimed to belong to it, has no capacity to maintain such suit. On the contrary, by section 302 of the Code "the receiver has, under the control of the court, power to bring and defend actions," etc. The Code provision in terms applies to a receiver appointed in a particular case; but we see no reason why the general receiver of the court, appointed under sections 409 *et seq.* of the Kentucky Statutes, may not execute the same powers and perform the same duties when thereto directed by appropriate orders of court. But we do not think that the order relied on was a judgment, within meaning of the Code definition (section 368), which provides, "A judgment is a final determination of a right of a party in an action or proceeding." In the well-considered case of Bondurant v. Apperson, 4 Metc., 30, in an opinion by Judge Bullitt, the question of what constitutes a judgment was considered, and it was held "that a judgment, to be final, must not

merely decide that one of the parties is entitled to relief
of a final character, but must give them relief by its own
force, or be enforceable for that purpose without further
action by the court, or by process for contempt." Apply-
ing this rule, it seems very clear that the order here in
question was interlocutory. It did not give relief by its
own force. It was not enforceable for the purpose with-
out further action by the court, nor was it enforceable by
process for contempt. Fairly construed, the order is noth-
ing more than' a direction to the receiver to bring suit
against Mitchell if he did not pay in ten days. The direc-
tion to bring suit by implication negatives the idea that the
court intended it to be enforced by process for contempt.
It was a direction to litigate the claim for the benefit of
the trust fund. See, also, May v. Ball, 108
Ky., 180 (21 Ky. Law Rep., 1180), (54 S.
W., 851), and authorities there cited. It fol-
lows, therefore, that, as the demurrer to the answers was
sustained upon the theory that the proceeding was on a
judgment, it was erroneous, and the judgment must be re-
versed. If, as claimed by the answers, Mitchell never re-
ceived the money sued for as assets of the McCloskey es-
tate, but took that money from the Sydner estate to pay
an indebtedness of the McCloskey estate, he was clearly
not responsible therefor to the McCloskey estate. The
sufficiency of the other defences pleaded need not be now
considered.

The judgment is reversed, and the cause remanded, with
directions for further proceedings consistent herewith.