# Rapp Lumber Company v. Smith et al.

(Decided February 16, 1932.)

J. J. TYE and DYSARD & TINSLEY for appellant.

HIRAM H. OWENS for appellees.

Opinion of the Court by Stanley, Commissioner—
Reversing.

This case involves a judgment rendered against the
appellant in favor of a number of persons who were not

parties to the suit, but who are made parties to the appeal.

The Rapp Lumber Company filed the suit against Noah Smith, alleging that it was the owner of a large lot of lumber purchased from and sawed by Lewis & McKinney and partly paid for; that Smith had been appointed receiver of Lewis & McKinney in a creditors' suit in which attachments had been levied on their property; that he had been ordered to take charge of and dispose of their property in accordance with the orders of the court; that he was not authorized to take control and possession of this lumber or any property of the plaintiff; and that no attachment had been levied on this lumber. Nevertheless, it was charged, Smith had taken about a carload of it and was threatening to take possession of and sell the balance for the benefit of the creditors of Lewis & McKinney. The only relief sought was an injunction against Smith.

After a hearing, a temporary injunction was granted and the appellant proceeded to dispose of all of the lumber. The case slept on the docket for about eighteen months when an answer and counterclaim were filed in which Smith denied the material averments of the petition except as to his appointment as receiver. He then set up a claim to this property, charging that attachments had been levied upon it, and that the creditors had laborers' and materialmen's liens on it; that he was proceeding under orders of the court to take possession of the property and convert it into money for the satisfaction of the debts of Lewis & McKinney when enjoined by the court. He asserted that the liens of the creditors were prior and superior to plaintiff's claim of ownership. He prayed, "in the capacity of a receiver and for the benefit of the creditors," that the petition be dismissed, and that plaintiff be compelled to pay into court a sufficiency of the proceeds of the lumber to satisfy the creditors as shown by judgment entered in the other actions, but which judgment was not stated in detail or filed in this suit.

Issue was joined on this pleading, and it was further affirmatively alleged in an amended reply that the laborers who had sawed the lumber and who were claiming a lien on the property had been paid.

Over the objection of plaintiff, the court, sua sponte, impaneled a jury who heard evidence relating to the

claims of the creditors of Lewis & McKinney and received instructions to the effect that they should decide whether or not the laborers had been paid for their services, and, if they found that they had not been so paid, they should find for the defendants such sum as the jury might believe remained unpaid at the time an attachment was levied on the lumber. The verdict was: "We, the jury, find for the defendants." In the judgment the court recites that the case had been heard by the jury and the court jointly and he accepted the verdict as advisory and that he would follow the verdict. Thereupon it was adjudged that the appellant had appropriated to its own use the lumber and logs attached and covered by laborers' liens with notice and knowledge thereof, and that it must account to them for the unpaid portions of their respective claims, which were set out in detail in the judgment, and the parties were all awarded executions against the appellant. The attachments in the suit of the creditors against Lewis & McKinney were sustained in this judgment.

It is insisted by the appellant that the judgment is void because these creditors were not parties to the suit and there was no pleading supporting it. The decision of the case depends upon the authority of the receiver, who, though sued as an individual in the caption responded as receiver, and the case proceeded accordingly. Cf. O'Hara v. Williamstown Cemetery Co., 133 Ky. 828, 119 S. W. 234.

Section 302 of the Civil Code of Practice provides that under the control of the court a receiver has power to bring and defend actions, to take and keep possession of property under his receivership, to receive rents, "collect debts and generally to do such acts respecting the property as the court may authorize." A receiver is an officer of the court, with limited powers. Crump & Field v. National Bank of Pikeville, 229 Ky. 526, 17 S. W. (2d) 436, 68 A. L. R. 872. He is at all times subject to the control and direction of the court, and, generally speaking, has only such powers as are conferred by order of court. Leathers v. Kelling's Trustee, 12 Ky. Law Rep. 92; Williams v. Owensboro Savings Bank & Trust Co.'s Receiver, 153 Ky. 789, 156 S. W. 899; Moren v. Ohio Valley Fire & Marine Insurance Co.'s Receiver, 224 Ky. 643, 6 S. W. (2d) 1091. The receiver's possession of money or other property is the possession of the

court. He may be authorized by order to bring suit for the benefit of the trust fund. Mitchell v. Chenault, 112 Ky. 267, 65 S. W. 447, 23 Ky. Law Rep. 1544. But he has no discretion as to the application or disposition of the fund or property and must dispose of it to the persons whom the court shall adjudge it. Johnson v. Gunter, 69 Ky. (6 Bush) 534.

The authority of this receiver, as disclosed in the record, seems to have been sufficient to defend the action of the appellant and to make claim to the property and its proceeds for the estate in receivership. But certainly it is not shown that he had authority to represent the creditors of Lewis & McKinney in a counterclaim against the Rapp Lumber Company or to secure a judgment in their favor in a dispute between them over the liens asserted. It is provided by section 18, Civil Code of Practice, that "every action must be prosecuted in the name of the real party in interest, except as is provided in section 21." And in section 21 it is provided that any one of certain fiduciaries therein named, including "a receiver appointed by a court," may bring an action without joining with him the person for whose benefit it is prosecuted. "But it does not follow that it was intended by that section to give unrestricted authority to a receiver of a court to institute an action without the consent of, or joining with him the persons whose rights and interests may be involved, and bind them by any judgment that he may suffer to be rendered against them." Caldwell v. McWhorter, 84 Ky. 130. The receiver was without authority to litigate the issues between the creditors and appellant, even had the pleadings been sufficient. Cf. Monson v. Payne, Agent, 199 Ky. 105, 250 S. W. 799.

The court can only determine the controversy between parties before it, either actually, constructively, or by representation, and, if it undertakes to do so, its action is void. Section 28, Civil Code of Practice; Roberts v. Yancey, 94 Ky. 243, 21 S. W. 1047, 15 Ky. Law Rep. 10, 42 Am. St. Rep. 357; Jasper v. Tartar, Judge, 224 Ky. 834, 7 S. W. (2d) 236; White v. Walker, 226 Ky. 326, 10 S. W. (2d) 1071; Lowther v. Moss, 239 Ky. 290, 39 S. W. (2d) 501. Without regarding the merits of the contentions covered by the evidence or the liability of the appellant to the creditors of Lewis & McKinney claiming liens on the lumber, it is obvious that the judg-

ments awarded them against the Rapp Lumber Company were void, for they were not before the court in this case.

Treating the motion for a new trial which specifically raised the point as sufficient under the rule that an appeal cannot be had from a void judgment until a motion shall be made to set it aside, the appellants had the right to appeal.

Wherefore the judgment is reversed.