**John M. FARMER, M.D., Appellant**

v.

**Stephen H. MILLER, Appellee**

**NO. 2014-CA-000330-MR**

Court of Appeals of Kentucky.

RENDERED: JULY 15, 2016; 10:00 A.M.

BRIEFS FOR APPELLANT: Alan Kent Akers, Sr., Bardstown, Kentucky

BRIEF FOR APPELLEE: J. Allan Cobb, Louisville, Kentucky

BEFORE: ACREE, D. LAMBERT AND NICKELL, JUDGES.

## OPINION

NICKELL, JUDGE:

John M. Farmer, M.D., has appealed from the Jefferson Circuit Court's January 23, 2014, opinion and order dismissing his action against Stephen H. Miller on grounds of qualified immunity. Following a careful review, we affirm.

The factual history of the instant dispute began in 2003 with a business venture between Farmer and Dennis Boehm. The joint venture was ultimately unsuccessful, resulting in lengthy litigation involving numerous parties in at least three different divisions of the Jefferson Circuit Court, as well as a previous visit to this Court. Al-

though fascinating, we need not provide a detailed recitation of the facts as doing so would serve only to unnecessarily lengthen this Opinion. However, we shall provide sufficient facts to place the current dispute into proper context.

Farmer and Boehm partnered to create Bluegrass Recovery & Towing, LLC ("Bluegrass"), in 1998. The business faced financial difficulties and in 2003, to secure funding for continued operations, Bluegrass executed a commercial mortgage with National City Bank encumbering real estate owned by Bluegrass. Additional financial arrangements, including a personal guarantee executed by Farmer, were also created.

Difficulties in the partnership quickly surfaced and the first civil action was filed by Boehm in 2005 to dissolve Bluegrass.[1] From 2005 to 2008, the parties engaged in a period of protracted discovery disputes, cross-motions for contempt, counterclaims, third-party claims, arbitration, settlement negotiations and purported agreed orders of dissolution. It appears an order was entered on August 17, 2006, referring the matter to arbitration and dismissing Boehm's complaint. Following arbitration, an agreement was entered acknowledging the parties had resolved their differences and noting the complaint and counterclaims were dismissed with prejudice. On February 27, 2007, the trial court granted Boehm's motion to incorporate the Arbitration Agreement and Dismissal.

Boehm later sought to set aside the Arbitration Agreement, dissolve Bluegrass, and hold Farmer and Bluegrass in contempt for violating the Arbitration Agreement. On May 2, 2007, Farmer and Boehm appeared and read a negotiated agreement into the record. An executed agreed order was to follow, but none was

forthcoming. Boehm subsequently moved for appointment of a liquidator or receiver for Bluegrass and a hearing was conducted pertaining to that motion. On June 7, 2007, after reviewing the video record, the trial court entered an order memorializing the agreement with respect to dissolution of Bluegrass. Pertinent to this appeal, the trial court ordered as follows:

1. This matter is continued … for a hearing on [Farmer's] motion to appoint a receiver for Bluegrass Recovery and Towing, LLC.

. . . .

4. As of May 2nd, 2007, the parties shall cease business and cease operating under the company Bluegrass Recovery and Towing, LLC, and they shall cooperate to dissolve the LLC.

5. This dissolution shall take place as soon as practicable but no later than 60 days following May 2nd, 2007.

. . . .

15. Bluegrass Recovery and Towing, LLC, may use its receivables to pay off existing debts and mortgages but may not use those receivables to pay off any debts or expenses after May 2nd, 2007.

Following a hearing on June 29, 2007, wherein the parties agreed appointment of a receiver was proper, the trial court appointed Miller as receiver for Bluegrass and tendered a copy of the June 7, 2007, order for Miller's review. Further, the trial court ordered:

3. Because the parties had agreed that their business would be liquidated on or before July 2nd, 2007, the Court requests that Mr. Miller work with the parties to liquidate the business and to comply with all other provi-

---

1. *Dennis Boehm v. Bluegrass Recovery and Towing, LLC, and John M. Farmer*, 05-CI-002018, Jefferson Circuit Court, Division 7.

sions of the June 7th, 2007, order as soon as practicable.

4. Both sides shall cooperate with Mr. Miller so that he can appropriately perform his work.

. . . .

7. Mr. Boehm and Dr. Farmer shall equally divide any fees and expenses of Mr. Miller.

8. Given this, this matter is remanded from the Court's docket.

Pursuant to the directives of the trial court, Miller took control of the remaining assets of Bluegrass and attempted to assist the parties in finalizing dissolution and liquidation. However, the parties continued to quarrel and did not cooperate with Miller's efforts. Miller ultimately liquidated all of the assets of Bluegrass except the real property encumbered by the National City Bank mortgage.

Additional motions for contempt were filed by both Boehm and Farmer. On April 17, 2008, Boehm and Farmer appeared in open court and again announced resolution of their ongoing disputes. Nevertheless, Boehm subsequently tendered a motion to amend his original complaint to add numerous new causes of action and sought an order compelling discovery. Farmer likewise sought leave to file a third-party complaint and cross-claims related to an action filed on March 13, 2008, by National City Bank to foreclose on Bluegrass's commercial mortgage and Farmer's personal guarantee.[2] Farmer sought to consolidate the two actions. Following a hearing on the motions, counsel for Boehm again stated an agreed order would be tendered setting forth the parties' agreement. Again, no such order was forthcoming.

Finally, on June 22, 2008, the trial court entered an exhaustive order concluding it had no jurisdiction over the matter as all claims had previously been dismissed with prejudice, no challenge to the dismissal had been timely raised, and thus, the dismissal had become final. All pending motions were therefore denied. Boehm's subsequent motion to reconsider was denied following a hearing.

In 2010, Farmer filed an action against Bluegrass and others for relief that is unclear from the record before us but which was apparently in the form of a foreclosure action against Bluegrass.[3] On December 15, 2010, in response to a request by Miller for advice as to his obligation to file an answer on behalf of Bluegrass, his duties related to the assets collected and his entitlement to fees, the trial court in that case concluded Miller had been duly appointed as receiver for Bluegrass and the order of appointment had not been superseded. Thus, the trial court concluded Miller was obligated to respond on behalf of Bluegrass. As to the other requests, however, the trial court concluded it was without authority to answer the questions posed or grant any potential relief thereunder and advised Miller to seek relief in the original action in which he had been appointed.

In compliance with the advice given, Miller sought a *nunc pro tunc* order terminating his obligations as receiver for Bluegrass and ordering Boehm and Farmer, jointly and severally, to pay his fees and expenses. No response or objection was filed by Boehm or Farmer. By order entered on November 30, 2011, the trial court granted Miller's motions, finding Miller was entitled to compensation in the amount of $42,741.89. After applying amounts Miller was holding in a receivership account, the trial court found Boehm

2. *National City Bank v. Bluegrass Recovery and Towing, LLC and John W. Farmer,* 08-CI-002929, Jefferson Circuit Court, Division 13.

3. *John M. Farmer v. Bluegrass Recovery & Towing, et al.,* 10-CI-403438, Jefferson Circuit Court, Division 2.

and Farmer were jointly and severally liable for the remaining fee of $18,800.52 and entered a judgment in favor of Miller against each for $9,400.00 plus interest at the legal rate. When payment was not forthcoming, on February 17, 2012, Miller filed a Notice of Judgment Lien against all real estate located in Jefferson County owned by Farmer, followed soon thereafter by a notice to take a discovery deposition. On March 5, 2012, Farmer tendered a check in satisfaction of the judgment.

Despite having at no time during the nearly five years since Miller's appointment raised any complaint, objection or criticism about Miller's services, on June 5, 2012, Farmer filed the instant litigation against Miller alleging negligence, breach of fiduciary duty and breach of contract. Interestingly, the complaint was filed against Miller in his personal capacity, not in his role as a court-appointed receiver. The complaint alleged Miller had acted outside the scope of his court-ordered duties as receiver for Bluegrass, resulting in substantial negative financial implications for Farmer. Specifically, Farmer alleged Miller failed to make regular mortgage payments to National City Bank, real property taxes, insurance and property maintenance expenses although he had sufficient Bluegrass assets from which to do so. Farmer contended these actions resulted in foreclosure, imposition of tax liens, seizure of his personal funds, and reduction in value of the real property. The claimed acts of negligence and malfeasance were alleged to have occurred on numerous specific dates between October 2007 and September 2011. Farmer admitted he was aware of these acts at the time of their occurrences.

When served with the complaint, Miller filed a Motion to Dismiss in Lieu of an Answer in which he claimed that as an officer of the court, he was entitled to quasi-judicial immunity related to the performance of his court-ordered duties. Miller averred he had acted only within the limited powers conferred on him by the orders of June 7, 2007, and June 29, 2007, and by KRS[4] 271B.14-320. Because his actions were all discretionary in nature, Miller contended he was covered by the cloak of immunity, citing *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky.2001), and Farmer's complaint against him must therefore be dismissed.

In response, Farmer challenged Miller's position regarding immunity, alleging the acts and omissions raised in the complaint were ministerial in nature, and thus no immunity should be afforded for the negligent performance thereof, also citing *Yanero*. Further, Farmer argued Miller was concerned only with receiving his fee rather than preserving and protecting the assets of Bluegrass, resulting in financial consequences to Farmer, Boehm and Bluegrass, thereby further bolstering Farmer's allegations of negligence, breach of fiduciary duty, and breach of contractual duties. He urged the trial court to deny Miller's motion and permit the litigation to proceed.

On January 23, 2014, the trial court entered an opinion and order granting Miller's motion to dismiss. Because matters outside the record were presented for consideration, the trial court concluded Miller's motion—although raised under CR[5] 12.02—should be treated as a motion for summary judgment pursuant to CR 56. After reciting the appropriate legal standard and summarizing the relevant facts, the trial court found Miller was entitled to qualified immunity from liability for the performance of discretionary acts taken in good faith and within the scope of his

---

4. Kentucky Revised Statutes.

5. Kentucky Rules of Civil Procedure.

authority, pursuant to *Yanero*. Further, the trial court stated

> [t]here is no evidence of record to suggest that the actions taken by Receiver Miller were anything other than discretionary and/or taken in good faith. As such, even when viewing the evidence in the light most favorable to Dr. Farmer, the Court cannot find that it remains possible for him to prevail at trial.

This appeal followed.

Farmer presents two arguments before this Court in urging reversal. First, Farmer contends his complaint in the trial court sufficiently stated claims upon which relief could be granted against a receiver, thereby rendering dismissal pursuant to CR 12.02 infirm. Second, he alleges Miller's negligent acts and omissions were related to ministerial acts, not discretionary ones as the trial court found. Alternatively, even if the trial court's assessment were correct, Farmer argues Miller did not act in good faith. Thus, he contends the trial court erred in determining Miller was entitled to be shielded by the cloak of immunity. We disagree.

First, Farmer's allegation regarding the validity of the allegations raised in his complaint is inapposite as the trial court did not dismiss the action for failing to state a claim upon which relief could be granted as requested by Miller. Rather, the trial court treated Miller's motion as one for summary judgment rather than one made pursuant to CR 12.02. As such, Farmer's allegation of error, while potentially meritorious under appropriate factual and legal circumstances, misses the mark in the instant matter. As no argument is advanced regarding the propriety of the trial court's decision to grant summary judgment, we are loathe to create one and thereby practice the case for a party. *See Milby v. Mears*, 580 S.W.2d 724, 727 (Ky.1979). The ruling of the trial court will not be disturbed.

■ Next, Farmer challenges the trial court's determination that Miller's acts were discretionary in nature rather than ministerial, and thereafter finding application of the doctrine of qualified immunity was proper. He contends Miller was tasked with direct and mandatory responsibilities to handle Bluegrass's finances and affairs involved in dissolution and liquidation, which involved no higher-level decision-making. Farmer posits Miller acted negligently in his performance of these ministerial tasks or in his complete failure to act on Bluegrass's behalf. Further, even if Miller's acts were discretionary, Farmer argues Miller did not act in good faith. Thus, under either set of circumstances, he contends the trial court erroneously granted Miller immunity from liability pursuant to *Yanero*. We disagree.

■ The trial court succinctly set forth the appropriate legal framework for receivers and the immunity to which they are entitled, which we quote and adopt as our own.

> Under the control of the court, a receiver has power to bring and defend actions, to take and keep possession of property under his receivership, to receive rents, collect debts and generally to do such acts representing the property as the court may authorize. *Rapp Lumber Co. v. Smith*, [243 Ky. 317, 48 S.W.2d 17, 19 (1932)]. A receiver is an officer of the court, with limited powers. *Id.* He is at all times subject to the control and direction of the court, and, generally speaking, has only such powers as are conferred by order of court. *Id.*
>
> Kentucky recognizes the concept of quasi-judicial immunity. *Dugger v. Off 2nd, Inc.*, 612 S.W.2d 756 (Ky.App.1980). Thus, receivers have some immunity from liability in carrying out their duties under the direction of a court and within

the scope of the receivership. *See id.*; *Horn by Horn v. Com.*, 916 S.W.2d 173 (Ky.1995). In the instant case, Receiver Miller is entitled to qualified immunity from liability for negligence arising from the performance of discretionary actions (i.e., actions involving personal deliberation, decision, and judgment) taken in good faith and within the scope of his authority. *Yanero* [65 S.W.3d at 522]. Utilizing these standards, we have carefully examined the record and conclude the trial court correctly found no evidence was presented to show Miller was either negligent or acted in bad faith in handling the tasks assigned to him by the appointing trial court, and he was therefore entitled to immunity.

Contrary to Farmer's vehement arguments suggesting multiple specific duties should be imputed to Miller although not reduced to writing by the appointing court, Miller's duties arise from the directive of the trial court in its written order entered on June 29, 2007. Therein, he was tasked with assisting the parties in liquidating Bluegrass and otherwise complying with the trial court's June 7, 2007, order, which set forth the agreement of the parties with respect to the dissolution and liquidation of the business. Of importance, the trial court specifically ordered the parties to cooperate with Miller in liquidating the business in a timely fashion—a task with which neither Farmer nor Boehm complied. Further, the trial court prohibited the use of Bluegrass's funds from receivables "to pay off *any debts or expenses after May 2nd, 2007.*" (Emphasis added). No additional duties or powers were authorized by the trial court.

Miller could only act within the circumscribed powers set forth in the trial court's orders. *Rapp Lumber Co.*, 48 S.W.2d at 19. Our review of the record reveals Miller acted appropriately and within the limited powers conferred upon him. While Farmer clearly disagrees, we believe the trial court correctly concluded Miller was entitled to immunity as nothing was presented "to suggest that the actions taken by Receiver Miller were anything other than discretionary and/or taken in good faith."

Furthermore, accepting Farmer's assertion that Miller was at least impliedly ordered to "preserve and liquidate the assets of Bluegrass" and to do a myriad of other tasks related to Bluegrass's assets and debts, would result in sanctioning an inappropriate expansion of Miller's duties beyond the trial court's explicit directives. This we are unable to do. As a receiver is appointed by and thereafter becomes an officer of the trial court, only the appointing court may grant, expand or contract the duties and responsibilities attendant to the position. *Id.* "[A] receiver represents the appointing court, and only the court." *Rosenbalm v. Commercial Bank of Middlesboro*, 838 S.W.2d 423, 429 (Ky.App.1992) (citations omitted).

Although Farmer does not agree with the trial court's conclusion that Miller was entitled to immunity based on his belief Miller acted negligently or in bad faith, thereby resulting in negative personal financial consequences, his disagreement is unsupported by the law and the evidence. Miller was entitled to immunity as the trial court correctly found and therefore, dismissal of Farmer's complaint was appropriate. There was no error.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.